WESTLAKE *vs.* THE ST. LAWRENCE COUNTY MUTUAL IN-
SURANCE COMPANY.

The payment, by underwriters, to the insured, of a part of the sum mentioned
in the policy, is a waiver of the usual preliminary proofs.

If a deficiency in the plaintiff's proof is supplied, during the trial, by the de-
fendants themselves, it is a waiver of any exception they may have taken,
based on such deficiency.

The opinion of a witness, in respect to the value of property which he has
never seen, is not admissible in evidence.

In an action upon a policy of insurance by an assignee of the policy, the writ-
ten declaration of the assignor, of the cost of the property insured, made to
the secretary of the insurance company, is not admissible; the assignor
being a competent witness to prove the fact.

And if the insured is examined as a witness, by the defendants, this is a
waiver of an exception taken to a decision excluding his admissions.

A policy of insurance contained a clause that in case the assured, or his as-
signs, should thereafter make any other insurance on the same property,
and should not *give notice thereof to the insurers,* and *have the same indorsed on
the policy, or otherwise acknowledged by them in writing,* the policy should
cease and be of no further effect. The insured having effected a further
insurance, in another company, notified the first insurers thereof; who re-
fused to sanction, approve or indorse such notice on the policy, or otherwise
acknowledge the same, except upon the condition that the sum recoverable
by virtue of the policy should not, together with all insurance thereon, ex-
ceed *two thirds of the value* of the property insured. *Held,* that the insurers
did not reserve to themselves the right to approve or disapprove of the new
insurance; and that they had no right, on acknowledging the receipt of no-
tice, to change the whole contract, by imposing a condition not contained
in the policy; or to prescribe the terms on which their liability should con-
tinue.(*a*)

APPEAL by the defendant from a judgment entered at a spe-
cial term. The complaint was upon a policy of insurance against
fire for 2500 dollars on a sawmill at Brantford, in Canada West,
issued to Elijah C. Bens, on the 13th June, 1849, for five years
from that day. The building, it was stated, was destroyed by
fire on the 17th January, 1851. The policy contained a clause,

(*a*) CADY, J. was of opinion that the insurers had a right to elect to with-
hold the acknowledgment, and thereby cancel the policy; or to give it, and
continue the policy in full force; but that having elected to give the acknowl-
edgment, they were bound by it.

Westlake *v.* St. Lawrence Mutual Ins. Co.

"that in case the assured or his assigns should thereafter make any other insurance on the same property, and should not with all reasonable diligence, *give notice thereof to said company, and have the same indorsed on said policy, or otherwise acknowledged by them in writing,* said policy should cease and be of no further effect; and it was thereby further understood that in case the insured should suffer loss by fire, notice of the same should be forthwith given to said company, and within thirty days after such loss, a particular account of such loss or damage, signed by the insured and verified by his oath, and if required, by the books of account and other vouchers, should be delivered to the secretary of the company." It was stated also, in the complaint, that afterwards, on the 15th November, 1850, the said Elijah effected a further insurance on the said property for $1500, in the Gore Mutual Insurance Co., whereof he immediately and with reasonable diligence notified the defendants, and caused them to acknowledge the same in writing. It was alledged that Bens, immediately after the building was burnt, gave notice thereof to the defendants, and within thirty days after said loss delivered to the secretary of the defendants a particular account of said loss or damage, signed by the assured and verified by his oath, and did all things required of him by the policy. The complaint admitted that after such notice, &c. the defendants paid upon account of said loss the sum of .$1111,52, but refused to pay the remainder. It also stated that on the 24th July, 1851, the said Bens for a valuable consideration assigned the policy and all due thereon to the plaintiff, who is now the owner thereof. It demanded judgment for $1388,48 and interest, &c.

The answer set up three defenses. The first denied that the property destroyed exceeded in value $3100; and denied that the said Elijah C. Bens had any interest in the property at that time; and denied that the policy effected in the Gore Mutual Insurance Company was notified to the defendants and an acknowledgment indorsed on said policy; and denied the receipt by the defendants of notice of the loss. Second. That the said Elijah, in his account of the loss, was guilty of fraud and false

swearing, in this, that he stated the loss occasioned by the fire at $6000, whereas he well knew the property insured did not exceed in value the sum of $4000; and in this, that he stated the mill was set on fire by some one unknown to him. Third. That after Bens effected the insurance in the Gore District Mutual Insurance Company, and notified the defendants thereof, they refused to sanction, approve or indorse the said notice on said policy, or otherwise acknowledge the same, except upon condition that the sum recoverable by virtue of the policy should not, together with all insurance thereon, exceed two-thirds the cash value of the property insured and at risk, at the time of loss, and the defendants averred that the value of the property, at the time of the loss, did not exceed $3600; and that the Gore District Mutual Insurance Company paid the said Elijah C. Bens the sum of $1500 for said loss, upon their policy, and the defendants paid the sum of $1111,52 upon account of their policy, and averred that the said sums so paid exceeded two-thirds the value of the property destroyed, and that they had then paid all they were bound to pay.

The reply denied all fraud set up in the answer, and denied the right of the defendants to annex any condition to their acknowledgment of the receipt of notice of the insurance in the Gore District Insurance Company, and denied that the payment by that company was on account of the loss for which the defendants were liable.

On the trial, at the St. Lawrence circuit, before Mr. Justice WILLARD, on the 21st of October, 1851, the following facts were proved, or admitted. The policy of insurance dated 13th June, 1849, and the assignment to the plaintiff, dated 24th of July, 1851, were admitted. The plaintiff also proved by one Leonard, a carpenter and millwright, who erected the mill, that it was worth, at the time it was destroyed, from $4600 to $5000. He was examined at length as to the construction and size of the mill; the number of saws, gates, wheels, and manner of construction, and the gearing and every thing appertaining to the mill. The plaintiff's counsel then proved the payment by the defendants on the 1st of July, 1851, of $1111,52, on account of

the loss of the property covered by the policy. He also produced the acknowledgment of the receipt of notice of the additional insurance, in these words :

" *Office St. Lawrence Co. Mu. Ins. Co.* }
     Ogdensburgh, Nov. 18, 1850.     }

" Policy No. 9064. Received notice that further insurance has been effected for one thousand five hundred dollars, as follows : In the Gore Mutual Insurance Company, on property covered by the above policy of this company, subject to any restriction in the following memorandum, and so permitted.

"H. G. FOOTE, Sec'y.

" Memorandum—That in the event of damage or partial loss, the sum recoverable by virtue of the aforesaid policy, shall be a just proportion thereof, in comparison with the insurance above notified. The insured responsible for the validity of such other insurance and the solvency of the company. Also, that the sum recoverable by virtue of the above policy, shall not, together with all insurance, exceed two-thirds the cash value of the property insured and at risk at time of loss." The foregoing receipt and notice, or answer, were indorsed on the policy.

The plaintiff then rested, and the defendants' counsel moved for a nonsuit, on the ground that it had not been shown that notice of the loss, or the preliminary proofs, had been furnished to the defendants, but the court denied the motion, and the defendants' counsel excepted.

The defendants' counsel then introduced the preliminary proofs which had been given by the insured, four days after the fire, in which the insured swore, amongst other things, that his loss, by the destruction of the mill, was about $6000.

The defendants' counsel again moved for a nonsuit, on the following grounds : First. For that, by the policy, in case of loss by fire, the insured was to give a particular account of such loss or damage, signed by the insured, verified by his oath, and if there should be any fraud or false swearing, the insured or claimant should forfeit all claim under the policy. The plaintiff, in his account of damages, upon oath, stated it to be $6000. His own evidence produced on the trial, proved the loss to be

from $4600 to $5000. Second. For that the amount of loss or damage in the affidavits produced was not such a particular description as the policy required. Third. On the ground that it appeared by the plaintiff's complaint, that the insured had effected another insurance in the Gore District Mutual Insurance Company. The plaintiff, in the complaint, averred notice and acknowledgment. The answer denied acknowledgment.

The court denied the motion, for the following reasons, among others. As to the first point, that it presented a question for the jury; as to the second, that the preliminary proofs were sufficiently full and particular, and if not, the partial payment was a waiver; and as to the third, the policy agreed to pay all loss, not exceeding the sum insured. By this policy, all that was required was notice of additional insurance. That the company did not reserve to themselves the right to cancel the policy, or change it on receiving notice. That the object of the notice was to enable the company to know who was liable to contribute with them. The defendants' counsel excepted.

The defendants' counsel then put in evidence the application on which the policy was issued, which stated the cash value of the building, over and above the land, at $6000.

The defendants introduced Nathaniel Taggart as a witness, who swore that he was a millwright, and had worked at that business for thirty years; but not nearer than fifty miles from this mill. That he had heard the testimony of Leonard, and could make an estimate from his description, of the cost of the mill; but not a close estimate, without seeing the mill, or a drawing of it. He said he should suppose he could come within five or ten per cent of the cost, if he had a right view of the mill. He said it was very hard to estimate the cost of the mill without seeing or knowing just what the work was; that he never saw the mill. The defendants' counsel then proposed to the witness this question: In your opinion, what was the value of the mill? The question was objected to, and excluded by the court, and the defendants' counsel excepted.. The plaintiff's counsel then gave in evidence a notice from the defendants to Elijah C. Bens, dated May 30, 1851, giving him notice that the whole of the

Westlake *v.* St. Lawrence Mutual Ins. Co.

policy in question had been assessed $15, for losses; also a receipt for said assessment, by the defendant, dated June 27, 1851, both of which were admitted by the defendants. The cause was then summed up by the respective counsel. The defendants' counsel asked the judge to charge the jury, that by the clause in the policy relative to other insurances, the defendants reserved the right to acknowledge notice of further insurance, or upon the insured making further insurance, to declare the policy issued by the defendants void, or to prescribe the terms and amount for which their policy should stand good. That Bens having received the acknowledgment, and not dissenting to it till after the loss, must be deemed to have acquiesced in the condition annexed to the acknowledgment of notice of the insurance, in the Gore District Mutual Insurance Company, and could recover but two-thirds the value of the property at risk at the time of the loss, deducting therefrom the amount insured in the Gore District Mutual Insurance Company. The court refused so to charge, and the defendants' counsel excepted. The judge charged the jury, amongst other things, that the question whether Bens' affidavit, stating the value of the property insured, in his preliminary proofs, was fraudulent or not, was a question of fact for them to decide. If fraudulent, the plaintiff could not recover. He further charged, that the defendants could not make conditions and prescribe limitations, as to their liability, in their acknowledgment of the receipt of notice of the insurance in the Gore District Mutual Insurance Company. And that if the defendants were liable at all, they were liable for the full amount of the sum insured by the policy, issued by them, with interest from the time the same became payable, if the value of the property insured was equal to or greater than the sum insured by them and the Gore District Mutual Insurance Company, less the amount stated, on account of the loss. The defendants' counsel excepted.

The jury found a verdict for the plaintiff for $1464,60, on which judgment was given, and the defendants appealed.

*B. Perkins*, for the appellants.

*James & Brown*, for the respondents.

WILLARD, P. J. The payment by the defendants to the insured, of a part of the sum agreed to be paid by the policy, was a waiver of the usual preliminary proofs. (*Vos* v. *Robinson*, 9 *John.* 192. *Johnston* v. *Columbian Ins. Co.*, 7 *Id.* 315.) But the defendants themselves, in a subsequent stage of the trial, gave in evidence the preliminary proofs which the insured had furnished in pursuance of the requirements of the policy. They were substantially in proper form, and do not seem to have been objected to at the time. Aside from the waiver by partial payment, the production of the papers by the defendants is an answer to the exception. If a deficiency in the plaintiff's proof is supplied, during the trial, by the defendants themselves, it is a waiver of any exception they may have taken, based on such deficiency.

The question to Taggart calling for his opinion of the value of the mill, was properly overruled. The witness, though a millwright, had never seen or been within fifty miles of the mill in question. He admitted that he could not make a close estimate of the cost of the mill, from the testimony of Leonard, without seeing the mill or a drawing of it; and that it was very hard to estimate the cost without seeing or knowing just what the work was. Still he thought he could come within five or ten per cent of the cost, *if he had a right view of the mill.* The opinion, therefore, was little, if any thing, more than a guess. The principle on which opinions in cases of this kind are admissible, is, that the facts, disconnected from such opinions, cannot be so presented to a jury as to enable them to pass upon the question with the requisite knowledge and judgment. (*Per Sutherland, J. in Jefferson Ins. Co.* v. *Cotheal*, 7 *Wend.* 78.) Thus a physician, in many cases, cannot so explain to a jury the cause of the death, or other serious injury of an individual, as to make them distinctly perceive the connection between the cause and its effect. He may therefore express an opinion that

the wound given, or the poison administered, produced the death of the deceased; but in such a case he must state the facts on which his opinion is founded. (*Id.* 8 *Mass. R.* 371. 9 *Id.* 225. *Culver* v. *Haslam,* 7 *Barb.* 314.    *Paige* v. *Hazard,* 5 *Hill,* 603. 4 *Barb.* 625.    *Lamoure* v. *Caryl,* 4 *Denio,* 370, 374. *Cowen & Hill's Notes,* 760.)    There was nothing peculiar in this case which called for a relaxation of the rules of evidence. Hundreds, it is presumed, might have been produced who had seen and examined the mill, and who were equally competent to judge of the nature and quality of the work, with Mr. Taggart. The means which the witness proposed of judging, did not differ essentially from those enjoyed by the jury.

The exclusion of the written declaration of Bens, made to the secretary of the defendants, of a detailed statement of the cost of the building, was properly overruled. It was the mere declarations of a vendor who was a competent witness himself. Such declarations are not admissible, when the action is between his vendor and a third party. (*Hurd* v. *West,* 7 *Cowen,* 752. *Paige* v. *Cagwin,* 7 *Hill,* 361.)    But the decisive answer to the exception is, the defendants introduced Bens as a witness, and fully examined him on the whole case. This was a waiver of the exception taken to the decision, excluding his admissions.

The judge was right in refusing to charge that the defendants had reserved a right in the policy, to declare it void, on receiving notice of another insurance on the same property, or to prescribe the terms and amount for which it should subsequently stand good. There is clearly no such clause in the policy. Nor did the policy, as in *Potter* v. *The Ontario and L. Mut. Ins. Co.,* (5 *Hill,* 147,) contain a clause that any other insurance should not only be notified with all reasonable diligence to the defendants, but should also be indorsed on the policy, or otherwise *acknowledged and approved* by them in writing, and if not so done, the policy should cease and be of no further effect. It merely required the insured, on effecting a subsequent insurance on the same property, to give notice thereof with reasonable diligence, and have the same indorsed on the policy, or otherwise acknowledged in writing. The defendants did not

reserve to themselves the right, as in the case cited, to approve or disapprove of it. The insured gave the notice, and procured the new insurance to be indorsed on the policy. He thus fulfilled the condition. The defendants had no right to change the whole contract, by imposing a condition not contained in the policy.

If it be true, that the insured might, by acquiescing in the change proposed by the defendants in the terms of the policy, be bound by said change, there should be some evidence of his acquiescence. In the present case there was no such evidence. The defendants, in their answer, do not pretend that the insured assented to the alteration, or that the original contract was altered. They merely claim the right, on their part, to alter the policy, on receiving notice of another insurance on the property.

The only part of the charge which has been insisted on as erroneous is, that the defendants had no right, in acknowledging the receipt of notice of another insurance, to prescribe the terms on which their liability should continue. This has already been disposed of. The insurance companies may, no doubt, so frame their policies as not to be liable, in the case of loss, beyond two-thirds the value of the subject insured. There was no such clause in this policy. The insured was therefore entitled to recover the balance due on the policy, provided the value of the property insured was equal to or greater than the sums insured by the defendants and the Gore District Mutual Ins. Co., deducting the amount admitted to have been paid. The two policies amounted to four thousand dollars. No witness estimated the value of the property at less than four thousand six hundred dollars, and one put it as high as six thousand dollars.

The question of fraudulent representation was fairly submitted to the jury. There was no evidence of a fraudulent over estimate of the value of the property, when the insurance was effected. The fact that the value of the mill, beyond all dispute, exceeded the amount of both policies, repels every imputation of this kind. The judgment should be affirmed.

HAND, J. and C. L. ALLEN, J. concurred.

Westlake *v.* St. Lawrence Mutual Ins. Co.

CADY, J. The first point made on the argument, on the part of the defendants, was, that the court erred in excluding the evidence of Nathaniel Taggart. He had never seen the saw-mill, nor a drawing of it; and although he was a millwright, his opinion of its value was not admissible as evidence. A man skilled in the value of horses would not, I think, be allowed to testify as to the value of a horse which he had never seen; although he had heard the description of the horse from another witness.

The second point made on the part of the defendants was, that the court erred in excluding the detailed statement of the cost of the mill, made by Bens. That statement was properly excluded, according to the case of *Paige* v. *Cagwin,* (7 *Hill,* 361.)

The third point insisted on by the defendants' counsel was, that the court erred in refusing to charge the jury as requested by such counsel; and that the court also erred in that part of the charge which was excepted to. The ground for this point is to be found in this clause in the policy: "In case the insured shall hereafter make any other insurance on the same property, and shall not with all reasonable diligence give notice to the company, and have the same indorsed on the policy, or otherwise acknowledged by them in writing, the policy shall cease and be of no further effect." In relation to this clause in the policy, the court decided that, "By this policy, all that was required was notice of additional insurance. That the company did not reserve to themselves the right to cancel the policy, or change it, on receiving notice. By the terms of the policy, if the insured shall make other insurance, two things are to be done, or the policy is to cease, and be of no further effect: to wit, the insured must, with all reasonable diligence, give notice thereof to the defendants, and have the same indorsed on the policy, or otherwise acknowledged by them in writing. One of these acts the insured could do, but the other he could not." The defendants have the power to say to the insured "we will not give you any written acknowledgment of your notice of further insurance," and by withholding such acknowledgment the policy would become void. I am therefore of opinion that the defendants did

in legal effect reserve to themselves the right to cancel the policy, by refusing to give an acknowledgment of notice of other insurance. But the expression of a contrary opinion by the court, on the trial, would not prejudice the defendants, unless they had the right to alter the policy, or its legal effect. They did give a written acknowledgment of the notice of further insurance. And I find nothing in the policy to give a qualified or conditional acknowledgment of notice of further insurance. They have the right to elect to withhold such acknowledgment, and thereby annul the policy; or to give the acknowledgment, and continue the policy in full force. They elected to give the acknowledgment, and must be bound by it. I am therefore of opinion that the motion for a new trial should be denied.

Judgment affirmed.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand, Cady* and *C. L. Allen*, Justices.]