## BATTLE *v.* KNAPP.

Section 3 of *c.* 240, Gen. Laws, in relation to the approval of bonds given by poor debtors, is not imperative, and may be waived by the creditor; and if, voluntarily and without objection, he takes a bond not so approved, it will constitute a waiver of the statutory approval.

MOTION by the plaintiff that the deputy sheriff amend his return upon an execution issued in this action against the defendant. The following is the return: "Cheshire ss. October 10, 1879. The said Leonard Perham and A. A. Thayer having produced to me the body of the said Edward J. Knapp, and paid to me the sum of seven dollars and eighty cents, being my reasonable charges for serving upon them notice that I have execution in my hands, I took the body of the said Edward J. Knapp and detained him in custody till he gave bond as provided by law, and herewith discharged said Edward J. Knapp from said arrest. D. S. Swan, deputy sheriff." The motion is, to strike out all that part of the return after the word "custody."

The cause was sent to a referee, from whose report it appeared that Aug. 18, 1879, an execution running against the body of the defendant was duly issued, having written on the back thereof the names and places of abode of the defendant's bail, and put into the hands of the said officer for service, who seasonably notified the bail. Thereupon, and on the day stated in the return, they produced the defendant to the officer, and paid him his charges for notice. The defendant then gave bond with sufficient sureties,

and was discharged from arrest; but the bond was not in fact approved by the plaintiff, nor any one in his behalf, at the time the officer received it, or since, nor was it approved by two justices. The officer passed the bond to the plaintiff, who took and retained it, and never returned or offered to return it to the defendant.

*Batchelder & Faulkner,* for the plaintiff.

*Woodward,* for the defendant.

BLODGETT, J.   When a debtor who has been arrested on execution gives bond to the creditor to take what is commonly called the poor debtor's oath, two sufficient sureties are required (G. L., c. 240, ss. 1, 2); and "the sureties shall be deemed sufficient when they are approved in writing on the back of such bond, either by the creditor, his attorney in the action, or by two disinterested justices of the quorum of the county in which such person is arrested." *Ib., s.* 3.

It being conceded that the bond in question was not so approved, a material question then is, whether the plaintiff can now object to it for want of such approval; and we are clearly of opinion that he cannot.   The provision as to approval is not a condition precedent to the validity of the bond, nor is it imperative; and being for the benefit and protection of the creditor solely, he may waive it, if he please, upon the familiar rule of construction, that statutory provisions for the benefit of individuals may be waived by those for whose benefit they are intended.   And such waiver may be intentional or otherwise, for it is required of every one to take advantage of his rights at a proper time, and neglect to do so will ordinarily be regarded as a waiver.   If, therefore, the bond was not satisfactory to the plaintiff, it was his duty to make known his dissatisfaction at the time when it came to his possession, or in any view, as soon thereafter as was reasonably practicable under the circumstances, and also to return it, or so offer, to the defendant.   But he did exactly the contrary; for it is found that he took the bond without objection, still holds it, and has never offered even to return it.   A case of gross neglect is thus presented, which long since constituted a waiver by the plaintiff of the statutory approval, and estopped him to deny the validity of the bond.

But the decision of the motion need not be put on the ground of waiver, for it being found that the sureties on the bond were sufficient, it is obvious that the plaintiff has not been damnified in any respect for want of the statutory approval.   This fact of itself affords a sufficient reason for denying the motion, but it may properly be considered in connection with the additional fact, that the proposed amendment is not conformable to the truth.

*Motion denied.*

CLARK and ALLEN, JJ., did not sit: the others concurred.