Merrimack,
June 5, 1906.

GLEASON v. CANTERBURY MUTUAL FIRE INSURANCE CO.

Where an insurance policy stipulates that any special provisions which require mention shall be written or printed and attached thereto, the policy is the only evidence of the insurance contract; and by-laws of the company not annexed cannot be used to vary, enlarge, or contradict its terms.

The notice of fire loss required by statute is sufficient if it is in writing and informs the insurer of loss or damage under the policy, without more particularly specifying the property.

The fact that an insurance company learned of a fire loss and made a partial payment on account thereof within thirty days of its date warrants a finding of a waiver of the notice required by statute.

The sworn statement or proof of loss provided for in the standard form of fire insurance policy is not a condition precedent to the insured's right to sue upon the contract.

A corporation is bound by the acts of irregularly elected directors, who perform the duties of their offices without objection.

ASSUMPSIT, upon an insurance policy. Trial by the court. Transferred from the October term, 1905, of the superior court by *Pike*, J.

The policy was of the New Hampshire standard form, was dated November 2, 1903, and purported to insure the plaintiff for five years to the amount of $1,200, as follows: On dwelling-house and L, $500; on furniture, pictures, desk, silverware, and clothing, $500; on barn No. 1, $200. On the back of the policy was printed chapter 170, Public Statutes. In the application the plaintiff agreed in case of insurance to hold himself bound and obliged according to the by-laws annexed to his policy. No by-laws were printed in or annexed to the policy, but the plaintiff understood that they were binding upon him.

November 6, 1904, the plaintiff's buildings were totally destroyed by fire. Soon after the fire the defendants' directors were informed of the loss, and at their request the plaintiff furnished to them a list of the personal property which had been saved. Later they requested him to furnish a list of the personal property which had been destroyed, and within thirty days from the date of the fire the plaintiff delivered to the secretary of the company a sworn statement or proof of loss of such property. Although the directors knew of the burning of the buildings, they never requested an account or proof of loss as to them and made no objection on that account until the trial of this action in December, 1905, when the plaintiff furnished a sworn statement as to such loss. The value of the personal property destroyed was $591.

At a special meeting of the directors, held November 16, 1904, at which four of the seven directors were present, it was voted "to raise $700 by assessment, in addition to what we have on hand, to pay loss on Henry Gleason fire of November 6"; and on that day the defendants paid the plaintiff $250 on account of his loss. No directions were given as to what part of the loss the payment was to be applied to. At a special meeting of the directors, held December 8, 1904, six directors being present, it was voted "to accept list of property rendered." This was the

list of property destroyed. It was then voted "to pay the loss in full on Henry Gleason fire," and also "to raise $250 in addition to the $700 authorized to be raised at meeting called November 16, 1904." At the annual meeting of the policy-holders, held December 31, 1904, at which the plaintiff's itemized statement of loss of personal property was examined and discussed, it was voted "that the matter of Henry Gleason's claim be referred back to the directors"; and at a special meeting of the policy-holders, held February 19, 1905, it was voted to contest the plaintiff's claim.

From the foregoing facts the court found that the directors led the plaintiff to believe that no account of the loss on the buildings was required until after the expiration of thirty days from the date of the fire, and that the company, through the directors, waived the filing of an account of such loss. To this finding the defendants excepted.

As bearing upon the question of the legality of the votes of the directors at the meetings of November 16 and December 8, 1904, the following facts appeared as to the election of directors at the annual meeting held December 31, 1903: The secretary's records show that this meeting was adjourned without the election of officers to Thursday, December 31, 1903, on which day and date the officers of the company for the ensuing year were chosen. The defendants claimed, however, that the record as to the adjournment was a mistake, and that the adjournment was to Friday, January 1, 1904; that the officers elected on the previous day were not properly chosen, and that their acts did not bind the company. From oral testimony introduced by the defendants the following facts appeared as to the adjournment: At the time of adjournment most of the members were standing and talking preparatory to leaving the room, and there was noise and confusion. A motion to adjourn until Friday, January 1, 1904, was made, put, and carried, but the vote was not declared. As soon as the motion was carried somebody suggested that the meeting should be held before the new year, and the president waved his hand and said, "Call it Thursday." The secretary understood that the meeting was adjourned to Thursday, and so recorded it. Some of the members understood that the adjournment was to Thursday and others that it was to Friday. At the adjourned meeting on Thursday, a board of seven directors was elected, five of them being old members and two being new members. The directors thus elected acted as officers of the company, and no protest was ever made to them by any policy-holder that they were acting without right.

If the plaintiff is entitled to recover on the foregoing facts, he

is to have judgment for $950, or for such lesser amount as the court may determine.

*Leach, Stevens & Couch,* for the plaintiff.

*Martin & Howe,* for the defendants.

BINGHAM, J. The by-laws are not a part of the policy contract. The plaintiff in his application agreed to be bound by the by-laws annexed to his policy. No by-laws were annexed to or printed upon the policy. The policy that was issued was of the New Hampshire standard form. It contained a clause stating that if "any special provisions or stipulations not inserted [in that form of policy] . . . require mention in effecting insurance, such provisions or stipulations shall be legibly written or printed, and permanently and securely attached to [the] . . . policy, and signed separately by the company or agent." The policy therefore is not only the best evidence, but under the above stipulation is the only evidence, of the insurance contract, and the by-laws cannot be used to contradict, vary, or enlarge its terms. *Gerrish* v. *Insurance Co.,* 55 N. H. 355, 358.

A notice under section 6, chapter 170, Public Statutes, is sufficient if it is in writing and informs the insurer of a loss or damage by fire under the policy, without more particularly specifying the property lost or damaged. *Rix* v. *Insurance Co.,* 20 N. H. 198, 204. And it would seem that the lists of personal property, which were furnished to the defendants at their request, were sufficient notice under the statute of a loss under the policy. But if this is not so, the trial justice was warranted in finding that the defendants waived their right to object that the notice of the loss of the buildings was not in writing; for they knew of the destruction of the buildings before the expiration of thirty days from the time of the fire, and within that time entered upon an adjustment of the loss and paid to the plaintiff $250 on account thereof. *Perry* v. *Insurance Co.,* 67 N. H. 291, 296; *Westlake* v. *Insurance Co.,* 14 Barb. 206, 207; 2 May Ins., s. 464.

The sworn statement or proof of loss provided for in the standard form of policy cannot be regarded as a condition precedent to the insured's rights to sue upon the contract. Chapter 170 of the Public Statutes is by law, and in this instance was by express stipulation, made a part of the contract. By section 7 of that chapter, the company is required to adjust a loss within fifteen days of the receipt of the notice called for by section 6; and by section 9, the insured is given a right to commence an action upon the contract if the company neglects to adjust a loss within fifteen

days after receiving notice of it. If the proof of loss were a condition precedent to the insured's right to sue upon the contract, it would be in conflict with sections 7 and 9, and therefore void under section 18. *Franklin* v. *Insurance Co.*, 70 N. H. 251.

The directors who participated in the meetings of November 16 and December 8 were *de facto*, if not *de jure*, officers. They entered into office under color of an election, and during their term of office performed the duties of directors without objection. If their elections were irregular, they were voidable only—not void; and their acts, while in the possession of their offices, were the acts of the defendants and binding upon them. *Nashua Insurance Co.* v. *Moore*, 55 N. H. 48, 54; *Hughes* v. *Parker*, 20 N. H. 58, 72; *Despatch Line* v. *Bellamy Co.*, 12 N. H. 205, 222. Therefore the votes passed at the meetings of November 16 and December 8, 1904, are legal votes of the company.

As the by-laws are not a part of the policy contract, the other questions raised in relation to them are not considered. The plaintiff is entitled to judgment for $950.

*Exceptions overruled.*

All concurred.