Rockingham, }
  Dec. 6, 1910. }

### LEVI *v.* PALATINE INSURANCE CO.

In an action on a fire insurance policy, a general verdict for the plaintiff cannot be set aside on the ground of his failure to give notice of loss as required by statute, when it appears that the question of waiver of notice by the company was submitted to the jury, without objection to the evidence as insufficient to sustain a finding for the insured.

The requirements of a sworn statement of loss and an appraisal by referees, provided for in the standard form of fire insurance policy, are in conflict with chapter 170, Public Statutes, and compliance with either is not essential to the maintenance of suit by the insured.

The provision in the standard form of fire policy, that the insured shall make all reasonable exertions to save and protect his property when exposed to loss, applies to property threatened with injury by fire and not to such as has been damaged thereby.

ASSUMPSIT, upon a fire insurance policy for $400 upon the plaintiff's stock in trade, consisting of dress goods and shoes, which was damaged by smoke and water on September 6, 1909. Trial by jury and verdict for the plaintiff. The defendants moved for a nonsuit on the grounds (1) that the plaintiff failed to show a compliance with the terms of the policy with respect to proof of loss and conditioning; (2) that there was no evidence that the plaintiff made any effort to "condition" the goods,—"to get them back into as good condition as she could"; and (3) that the plaintiff sold or disposed of a material part of the goods claimed to be damaged before the expiration of the time within which the defend-

ants had a right to ask for an appraisal. The motion was denied, and the defendants excepted. Transferred from the April term, 1910, of the superior court by *Pike*, J.

There was evidence that shortly after the fire the plaintiff gave the defendants' local agent a written list of the goods damaged and that they were promptly informed of the loss. September 11, their agent for the purpose examined the damaged goods and fixed the loss at a sum less than the plaintiff would accept; and upon her refusal, the defendants' adjuster told her that if she declined to accept the offer she would be obliged to sue the company.

The provisions of the policy relied on are as follows:

"In case difference of opinion shall arise as to the amount of any loss under this policy other than on buildings totally destroyed, unless the company and the insured shall, within fifteen days after notice of the loss, mutually agree upon referees to adjust the same, either party may, upon giving written notice to the other, apply to a justice of the supreme court, who shall appoint three referees, one of whom shall be thoroughly acquainted with the kind of property to be considered, and their award in writing, after proper notice and hearing, shall be considered final and binding on the parties.

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, in detail, the interest of the insured therein, all other insurance thereon, the purposes for which and the persons by whom the building insured or containing the property insured, was used, and the time at which and the manner in which the fire originated, so far as known to the insured. The company may also examine the books of account and vouchers of the insured, and make extracts from the same, and shall have access to the premises and property damaged. It is moreover understood that there can be no abandonment of the property insured to the company, and that the company shall not in any case be liable for more than the sum insured, with interest thereon from the time when the loss shall become payable as hereinafter provided."

*Page, Bartlett & Mitchell* and *Ernest L. Guptill*, for the plaintiff.

*Kelley, Harding & Hatch*, for the defendants.

PARSONS, C. J. If the list furnished the local agent was not a technical compliance with section 6, chapter 170, Public Statutes, requiring notice in writing by the insured to the secretary, a direc-

tor, or an agent of the insurer, in case of loss or damage of property insured, any defect therein might be waived. *Gleason* v. *Insurance Co.*, 73 N. H. 583 ; *Perry* v. *Insurance Co.*, 67 N. H. 291, 296. The question of waiver was submitted to the jury without objection, so far as appears, to the insufficiency of the evidence to sustain a finding for the plaintiff, and none is taken here. The requirements of a sworn statement of loss and appraisal by referees are in conflict with chapter 170, Public Statutes, and compliance with either is not essential to the maintenance of a suit upon the policy. *Gleason* v. *Insurance Co., supra ; Franklin* v. *Insurance Co.,* 70 N. H. 251.

If refusal to enter upon or continue an appraisal by referees when required by the insurer within the time limited does not defeat the action, an act which indicates the insured's intention not to enter into such submission, or renders the proceeding impossible, cannot have that effect. As the defendants could not have compelled the insured to enter upon a submission to referees if they had applied for the same within the time limited, the fact (if it be one) that they were prevented from applying for referees by a sale of a portion of the goods before the expiration of that time is immaterial. There was evidence from which it could be found that the defendants had all the opportunity for and made all the examination they desired as to the injury to the goods insured.

The defendants' claim that the plaintiff was bound as to the goods damaged "to get them back into as good condition as she could" is not based upon any express provision of the policy to that effect. If the word "condition" has acquired in insurance circles the meaning attributed to it in the motion for a nonsuit, the parties to this policy made no use of it. The stipulation said to be found in the standard form of policy, "if the insured property is exposed to loss or damage by fire, the insured shall make all reasonable exertions to save and protect the same," by its terms applies to property threatened with injury by fire—not to property which has been damaged thereby. The policy insured against loss or damage by fire. If the plaintiff lost by reason of her negligence in care of the goods after the fire, she could not recover of the defendants damages therefor. There was, however, evidence that the plaintiff endeavored to follow the directions of the defendants' local agent as to the care of the goods, and that the course followed was what good judgment dictated. It could also have been found from the action of the special agent in inspecting the goods and appraising the damage, the absence of complaint at the time, and the course which the plaintiff was instructed she must pursue if she refused to accept the sum offered, that the defendants waived

.such right as they had, if any, to any different course in the treatment ("conditioning") of the goods than had been pursued.

As the case is brought here, it must be assumed, in the absence ·of exception to the charge, that all issues that could be raised on the evidence were raised and properly submitted to the jury, and were found for the plaintiff by the verdict for her.

*Exception overruled.*

All concurred.