Coös,
May 1, 1917.

### IRA KELSEA v. PHOENIX INSURANCE COMPANY.

The provisions of a fire insurance policy as to waiver of notice of cancellation and of the return of the premium may be waived by the assured.

A material and prejudicial argument of counsel is ground for setting aside a verdict, if the error has not been cured.

ASSUMPSIT, on a fire insurance policy placed by defendants on plaintiff's saw mill and machinery. Trial by jury and verdict for the defendants. The policy was issued April 24, 1914, by Geo. M. Stevens & Son Co., agents at Lancaster, through John H. Finley, their local agent at Colebrook, and was for one year. The property insured was destroyed by fire January 29, 1915. Proof of loss was duly made and filed with the defendants February 19, 1915. No adjustment or payment of the loss has ever been made

by the defendants. The defendants rested their defence upon the ground that the policy, which had been marked "cancelled July 18, 1914," was legally cancelled upon that day. The policy contained a provision that it might be cancelled at any time at the request of the insured. It also contained the usual stipulation that the defendants could cancel the policy after giving written notice to the insured, and tendering to him the return premium, cancellation to take effect ten days after such notice. The defendants claim that notice of cancellation and payment of return premium had been waived by the plaintiff.

The plaintiff denies that the policy had ever been canceled, and testified that he left his insurance policies with Finley, and that they never were in his possession; that he never had any knowledge of the cancellation of the policies, and believed them to be in force at the time the mill was burned. At the close of the evidence the plaintiff moved for judgment for the amount of the insurance on the mill building, and also for a verdict as to the cancellation, on the ground that a sum equal to the rebate had never been paid or legally tendered to the insured. These motions were denied subject to the plaintiff's exceptions. The plaintiff also excepted to the instructions of the court, and to remarks of defendants' counsel in his argument to the jury. The facts are sufficiently stated in the opinion. Transferred from the September term, 1915, of the superior court, by *Chamberlin*, J.

*Goss & James* with whom was *Jason H. Dudley* (*Mr. Goss* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes*, and *Rich & Marble*, with whom were *Leach & Leach* (*Mr. Marble* orally), for the defendants.

PLUMMER, J. The exceptions of the plaintiff to the denial of his motions for a verdict and judgment cannot be sustained. The defendants' evidence tended to prove that Finley, who represented the defendants, notified the plaintiff that the insurance companies would not continue to carry the insurance on his mill because it was not running and requested a return of his policies; that Finley afterwards saw the plaintiff in Colebrook, and asked him if he had brought the policies, the plaintiff replied that he had not, and inquired of Finley in reference to writing to some one, and Finley said that he had, but that they (referring to the insurance

companies) would not carry the insurance unless the mill was running; that on July 17, 1914, the day before the defendants' policy was marked canceled, the plaintiff came into Finley's office at Colebrook, and gave him the policy in question, together with other policies on his mill, and said "here is these policies;" that Finley told the plaintiff there would be a rebate on the policies, but that he did not know at that time how much; that there would be a credit come back in the next month's account, and whenever a credit came back to come in and they would fix up; that plaintiff did not make any objection to the arrangement until after the fire; that the plaintiff never came to Finley to fix up, and Finley did not adjust the matter with him before the fire; that the plaintiff stated in the presence of three witnesses at Colebrook in the summer of 1914 that he had had the insurance policies on his mill canceled. This and other evidence of the defendants would warrant the jury in finding that the plaintiff brought his insurance policies on his mill and machinery to Finley for the purpose of cancellation, and that there was an understanding between them that the policies should be canceled, and that the plaintiff agreed and understood that the rebate on his premium was not to be paid to him before the cancellation became effective, but that he was to adjust the matter with Finley after he received a statement of the amount of the rebate. In other words the testimony was sufficient to justify the jury in finding that the plaintiff waived the written notice he was entitled to in case the defendants desired to cancel his policy, and that he also waived the right to the tender of the return premium.

The plaintiff requested the court to instruct the jury that "in order for the Phoenix Insurance Co. to cancel its policy of insurance with Ira Kelsea, the company or its agents must first give a written notice to the insured notifying him that they desire to cancel said policy," and that "to cancel such policy the company or its agents must pay or tender to the insured a sum equal to the rebate or unearned premium." The court read these requests to the jury and stated that they correctly expressed the law if each party had insisted upon the compliance with the strict letter of the law. But he told the jury that the parties to the policy had power to waive these provisions in relation to cancellation; and instructed them in substance that if the policy was canceled after the plaintiff understandingly surrendered his policy for the purpose of cancellation, and agreed with Finley that he should receive the return pre-

mium, and adjust that matter with the plaintiff later, then that would be a legal cancellation. The plaintiff excepted to the instructions of the court relating to waiver. There was no error in the instructions. The plaintiff contends that, as a matter of law, he could not waive the provisions in the policy in reference to notice of cancellation and payment of the return premium. This contention cannot be maintained.

The stipulations in the policy relating to notice of cancellation and payment of return premiums were for the benefit of the plaintiff, and no reason is perceived why he could not waive them, as it has been held that insurance companies may waive any provisions for their own benefit in policies. *Perry* v. *Insurance Co.,* 67 N. H. 291, 296; *Gleason* v. *Insurance Co.,* 73 N. H. 583; *Levi* v. *Insurance Co.,* 75 N. H. 551; *Flynn* v. *Insurance Co.,* 77 N. H. 431. The fact that the condition in the policy relative to cancellation is in conformity to the statute of the state affords no objection to its waiver by the plaintiff. "Statutory provisions for the benefit of individuals may be waived by those for whose benefit they are intended." *Battle* v. *Knapp,* 60 N. H. 361. The principle of waiver has a much broader application than the requirements of this case demand. "The benefit of statutory and constitutional provisions, both in civil and criminal jurisprudence, may be waived by a party interested." *State* v. *Albee,* 61 N. H. 423, 428. In that case it was decided that the right of a respondent under the bill of rights to be tried in the county where the crime was committed may be waived. Numberless cases in this and other jurisdictions might be cited where the doctrine of waiver has been applied, and there is no question but that the plaintiff could exercise it in this case.

Counsel for defendants in argument to the jury said: "Who is this Hollis Stevens? What kind of a chap is he to do business? He went in and trimmed Hammond until he picked him dry." To these remarks the plaintiff excepted. Hollis Stevens was a witness for the plaintiff, and had given material testimony in the case. There was no evidence to justify this statement. Hammond and Stevens had been partners, but there was no testimony that Stevens had cheated Hammond, and it cannot be fairly inferred from the evidence. This unwarrantable argument was for the purpose of convincing the jury that one of the plaintiff's material witnesses was a dishonest man, and that his testimony was not entitled to credit. It was prejudicial, and transcended the limits of legitimate advocacy. *Robertson* v. *Madison,* 67 N. H. 205. Whenever

counsel in argument goes outside of the evidence, and makes statements that are material and prejudicial to the case, the verdict, if in favor of his client, must be set aside, unless he immediately retracts them, requests that the jury be instructed to disregard them, and obtains a finding by the presiding justice that "the error was cured and did not affect the result." *Greenfield* v. *Kennett*, 69 N. H. 419; *Story* v. *Railroad*, 70 N. H. 364, 376; *Hallock* v. *Young*, 72 N. H. 416, 422. There being no retraction of the objectionable remarks, nor finding by the court in reference to them, the verdict cannot be permitted to stand.

*Exceptions to denial of motions for verdict and judgment and to instructions overruled: exception to argument sustained: verdict set aside: new trial granted.*

All concurred.