Coös,      }
Dec. 1, 1914. }

### MARY FLYNN *v.* ORIENT INSURANCE CO.

Where an insurance company is estopped by reason of the conduct of its agents
to insist upon a strict compliance with the terms of a policy respecting notice
of loss, the rights of the insured are to be considered as if such formalities had
been duly observed.

The holder of a fire insurance policy who has given due notice of a loss may sue
upon the contract at any time within six years after his cause of action accrued,
unless the insurers have notified him of their adjustment of the loss and that
suit must be begun within six months.

ASSUMPSIT, on a fire insurance policy. Writ dated November 13,
1912. Trial by the court. Facts found, and case transferred from
the April term, 1914, of the superior court, by *Sawyer*, J.

July 10, 1910, Woodward & Gerrish, the defendants' agents,
issued a policy insuring the plaintiff's household furniture against
damage by fire for a term of three years. The policy stipulated
that no action should be maintained thereon unless brought within
one year after a loss and provided that in the event of damage by
fire the insured should forthwith furnish to the insurers a sworn
statement of loss.

The insured property was destroyed by fire on September 23,
1911. On the following day the plaintiff, who was about to remove
to Ontario, gave notice of her loss to Woodward & Gerrish, who
immediately notified the defendants and promised to send the plain-
tiff whatever papers it was necessary for her to execute in order to
protect her interests. September 30, she furnished to the defend-
ants a schedule of the damaged property. Hearing nothing from
Woodward & Gerrish, the plaintiff wrote to them on October 22
regarding an adjustment of her loss, and on October 24 they informed
her that her letter had been forwarded to the defendants. Novem-
ber 3, they wrote that the company expected a strict compliance with
the terms of the policy and that nothing would be done until her
claim was presented in the regular way. December 18, she wrote
to Sullivan, the defendants' special agent, asking if it was possible
to adjust her loss without returning to Berlin, and to this Sullivan
replied, on January 6, 1912, that she had undoubtedly been advised
by the local agents in respect to the requirements of the policy and
that the company expected a strict compliance with its terms.

Nothing more was done until April 8, when the plaintiff again wrote to Woodward & Gerrish, inquiring if they would tell her what she must do to effect a settlement without returning to Berlin. This letter was not answered. May 2, she wrote to them again, saying that the defendants did not answer her letter, and on May 4 Woodward replied that the defendants would have adjusted the loss soon after the fire if they had not been told there was no one in Berlin to settle with, and that he could not advise her in the matter.

The court found that the defendants require their local agents to explain fully to policy-holders the conditions of their contracts and to advise them as to the necessary formalities to be observed in case of loss, that if this had been done in the present case the plaintiff would have seasonably furnished proper proof, that the plaintiff is ignorant and without business experience, as one or both of the members of the firm of Woodward & Gerrish ought reasonably to have known, and that the necessity for strict compliance with the terms of the policy was avoided by the conduct of the defendants' agents.

Both parties moved for judgment upon the foregoing findings, the defendants' motion being based on the plaintiff's failure to comply with the provisions of the policy (1) in respect to proof of loss and (2) limiting the time within which an action must be brought.

*Goss & James* (*Mr. Goss* orally), for the plaintiff.

*Rich & Marble* (*Mr. Marble* orally), for the defendants.

YOUNG, J. It is the purpose of chapter 170, Public Statutes, to do away with some of the abuses peculiar to the insurance business, and it is the office of section 6 of that chapter to compel the insured to notify insurers of a loss in time to enable them to investigate its cause. As this duty is imposed on the insured for the benefit of insurers, they not only may waive compliance with it, but may estop themselves to set up the insured's failure to comply with it as a defence to an action on the policy (*Levi* v. *Insurance Co.*, 75 N. H. 551, 553), and that is what the superior court has found they did in this case. As there is evidence to warrant this finding, the case stands just as it would if the plaintiff had notified the defendants of the loss in accordance with the terms of the policy.

It was therefore the defendants' duty to adjust the loss within a reasonable time after the fire occurred. As they failed to perform

that duty, this action was seasonably begun; for the only way in which insurers can limit the time within which an action may be begun is by adjusting the loss (P. S., c. 170, s. 7) and notifying the insured at the time they inform him of the amount at which the loss is adjusted that unless he begins suit within six months his right of action will be barred.   P. S., c. 170, s. 11.   In other words, unless the insurers adjust the loss and notify the insured of the adjustment and that he must begin his action within six months, the only limitation on his right to sue is the six years' statute of limitations. Section 10 of chapter 170 merely limits the time within which the insured must begin an action to recover more than the amount of the adjustment; but he can recover the amount at which the loss is adjusted at any time within six years unless the insurers notify him to the contrary when they inform him of the adjustment (s. 11).   In short, neither section 10 nor section 11 applies; and the provision of the policy limiting the right of the insured to bring an action thereon to one year after the loss occurs is void.   P. S., c. 170, s. 18.

*Judgment for the plaintiff.*

All concurred.