Merrimack,
No. 5643.

## Hebert Manufacturing Company

*v.*

## Northern Assurance Company *& a.*

Argued November 7, 1967.
Decided December 29, 1967.

*Upton, Sanders & Upton* ( *Mr. Frederic K. Upton* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *J. R. Falby, Jr.* ( *Mr. Falby* orally ), for the defendants.

Grimes, J. Each of the defendant companies had issued to the plaintiff a policy of business interruption insurance written on the Uniform Standard New Hampshire Form No. TE-2 ( 1-60 ) entitled "Business Interruption Form No. 4" which was a gross earnings form for manufacturing risks. Each form was attached to a New Hampshire standard fire insurance policy and covered the actual loss in earnings resulting directly from any necessary interruption of business caused by damage to the plaintiff's machine shop by fire.

The machine shop was almost totally destroyed by fire on March 30, 1961 during the period covered by the policies and plaintiff's business was interrupted as a result. The property damage caused by the fire was promptly adjusted by the three defendants and paid to the plaintiff.

The defendants by an independent adjuster, one Hotchkiss, adjusted the loss under their business interruption contracts in the gross amount of $73,588 and after giving effect to the fifty per cent co-insurance clause determined that the net recoverable amount due plaintiff was $19,625. Mr. Hotchkiss, acting for the defendants, wrote a letter dated November 8, 1961, to the plaintiff, notifying it that the business interruption claim had been adjusted and that the net recoverable amount was $19,625. The letter contained the following paragraphs:

"In accordance with the conditions of said policies and the Insurance Laws of the State of New Hampshire, we hereby notify you that if this amount is not acceptable to you, any action in

furtherance of your said claim will be forever barred by law if your writ is not served on the undersigned Insurance Companies within twelve months from this notification.

"Our authority, as adjuster, is limited to the determination of the loss and/or damage to the property mentioned in the aforesaid policy contracts and we are not authorized to either waive or amend any of the terms, conditions and stipulations of the said contracts; neither have we authority to either admit or deny liability."

On December 8, 1961, Attorney Dick of Rutland, Vermont, on behalf of the plaintiff wrote all three companies, care of Hotchkiss, as follows:

"The Hebert Manufacturing Company has turned over to me your certified letter by G. H. Hotchkiss, Adjuster, of November 8, addressed to its treasurer with respect to its claims under the above policies resulting from the fire which occurred on May 30, 1961.

"My client understands that the $19,625 figure there set forth constitutes an offer on the part of the above companies to settle for that amount, without either an admission or denial of liability.

"Thank you for the information contained in your letter and advise that within the 12 months therein referred to it is anticipated that a decision will be made with respect to your offer and action taken accordingly."

There were no further communications between the parties until May 6, 1965 when Attorney Dick wrote the companies that because the assistant treasurer who had been handling the matter has been ill, it had apparently been overlooked, and notified the defendants that the plaintiff accepted the $19,625 offered and requested all instruments necessary to be executed to be forwarded to him. The reply to this letter was by an attorney for the defendants who, in a letter dated August 27, 1965, after pointing out that the plaintiff had not commenced an action within twelve months from the notification given by Hotchkiss, advised that liability was denied by all companies. The present actions were commenced by writs all dated April 5, 1966.

RSA 407:15 (supp) reads as follows: "NOTICE TO INSURED. Unless the company shall notify the insured that any action will be forever barred by law if his writ is not served on the company within twelve months next after such notification, he may bring

his action at any time."

The defendants contend that the letter of Hotchkiss dated November 8, 1961 quoted above was effective to make the twelve month limitation applicable to these actions. We disagree.

The clear implication of the letter of November 8, 1961 is that an action must be commenced within twelve months only if the amount for which the loss was adjusted was "not acceptable" to the plaintiff. There is nothing in the letter which indicates that the defendants deny liability or were unwilling to pay the $19,625. No reasonable person reading the letter would think that there was any limitation being placed upon the time within which an action to recover the adjusted loss could be commenced. In fact there was nothing to indicate that an action to recover the adjusted loss would be necessary. The ordinary person in the position of the insured would believe that failure to bring an action within twelve months would indicate acceptance of the adjustment. It seems to us also that a reasonable person in the position of the defendants would have believed that the adjustment had been accepted when no suit was brought within the twelve month period. The obvious purpose of RSA 407:15 ( supp ) is to allow the insurer to place a twelve month limitation on actions against it only if it gives the insured specific notice of the limitation. Such specific notice removes the possibility of an insured failing to bring an action within the time limit because he was ignorant of such a limitation.

Before being repealed by Laws of 1959, Chapter 163, RSA ch. 407 contained two separate sections relating to limitations of actions as follows:

"407:16 LIMITATION OF ACTION. If dissatisfied with such adjustment the party insured may bring his action, by causing his writ to be served on the proper officer of a domestic company or, in case of foreign company, on the insurance commissioner, within six months after the reception of such notice in writing, and not afterward.

"407:17 NOTICE TO INSURED. Unless the company, in their notice of the amount of loss or damage determined by it, shall notify the insured that his action will be forever barred by law if his writ is not served on the company within six months next after the service of such notice upon him, he may bring his action at any time."

*Flynn* v. *Orient Insurance Co.,* 77 N. H. 431, decided that old section 16 ( then P. S., *c.* 170, *s.* 10 ) limited the time for bringing an action for recovery of more than the adjustment but that under section 11 he could recover the amount of the adjustment at any time within six years "unless the insurers notify him to the contrary . . . . " In other words, the limitation on actions to recover more than the adjustment was automatic and required no notice, while the limitation on actions for recovery of the amount of adjustment required notice thereof to the insured. Branch, The New Hampshire Standard Fire Insurance Policy, *pp.* 30-31 ( 1935 ).

In the new RSA ch. 407, created by Laws of 1959, old section 16 was eliminated and section 17 was modified into the present section 15. The effect of this change was to require notice of the limitation not only as to actions to recover the amount of adjustment, but also as to actions to recover more than the adjustment. The Hotchkiss letter gave notice of the latter but not the former and was ineffective to bring into play the twelve-month limitation on the actions with which we are concerned.

The standard fire policy to which the business interruption endorsement was attached included a clause limiting the commencement of actions for any claim to twelve months from the inception of the loss. Similar provisions limiting the time for bringing actions on a policy to twelve months from the inception of the loss have been held invalid because in conflict with the statute. *Flynn* v. *Orient Insurance Co., supra; Tucker* v. *Hartford Fire Insurance Co.,* 107 N. H. 170.

The "Standard Fire Policy" which contains such a limitation was actually incorporated into the statute as of January 1, 1960. RSA 407:22 ( supp ). This results in an apparent internal inconsistency in the statute between section 15 ( supp ) and the provision in the standard policy, section 22 ( supp ). Although the "Standard Form of Fire Policy" in effect at the times to which Flynn and Tucker relate was not delineated in the statute, nevertheless it was given the force of legislative enactment by virtue of RSA 407:1. *Salganik* v. *United States Fire Ins. Co.,* 80 N. H. 450; *Fidelity &c. Co.* v. *Brennan,* 85 N. H. 291; *Franklin* v. *Insurance Co.,* 70 N. H. 251.

It seems probable that the Legislature intended the new section 15 ( supp ) to be controlling over the provisions contained in the

form of the policy set out in the new section 22. We therefore hold that the provision of the policy limiting the time within which actions may be commenced is not a bar to recovery.

Our answer to the questions transferred is therefore that neither RSA 407:15 ( supp ) nor the limitation contained in the policy constitute a bar to these actions.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.