Grafton
No. 83-214

ROBERT M. MAGUIRE & a.

v.

MERRIMACK MUTUAL FIRE INSURANCE COMPANY

July 26, 1984

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Michael R. Callahan* on the brief and orally), for the plaintiffs.

*James S. Yakovakis*, of Manchester, by brief and orally, for the defendant.

SOUTER, J. The plaintiffs brought action for benefits under a policy of insurance. The defendant moved for dismissal for failure to make service within one year of the date of its letter refusing to pay

benefits and referring plaintiffs to RSA 407:15. On recommendation of a Master (*Thomas M. Pancoast,* Esq.), the Superior Court (*Johnson,* J.) denied the motion. The defendant has appealed. We affirm.

The plaintiffs purchased from the defendant a policy of homeowner's insurance with coverage against loss by fire. They claimed benefits under the policy after their house burned during the term of the policy, in January 1981. By letter to the plaintiffs' former counsel dated June 2, 1981, and delivered on June 4, the defendant refused to pay benefits. The letter contained these sentences:

> "As you are perhaps aware, you have one year from the date of this denial to commence suit against the insurance carrier, or be forever barred from such claim. I refer you to RSA 407:15."

On July 2, 1981, the plaintiffs' former counsel completed a writ to begin the present action and asked the defendant's counsel to accept service. When the latter refused, the plaintiffs' former counsel apparently forgot the writ until some time in 1982, when he changed the return date to August 1982 and caused service to be made on the defendant by serving the insurance commissioner on June 11, 1982.

The defendant moved to dismiss under the provisions of RSA 407:15: "Unless the [insurer] shall notify the insured that any action will be forever barred by law if his writ is not served on the [insurance] company within 12 months next after such notification, [the insured] may bring his action at any time." The defendant claimed that its 1981 letter referring to the statute and advising the plaintiffs that they had one year to "commence suit" was the equivalent of notice under the statute that action would be barred unless a writ was "served" within one year. Since the writ had not been served within one year from the date of notice, that is by June 4, 1982, the defendant claimed the action was barred. The plaintiffs argued to the contrary, that the defendant's letter was not sufficient to activate the one-year statute of limitations. Like the superior court, we find this argument persuasive.

■■ In *Hebert Manufacturing Co. v. Northern Assurance Co.,* 108 N.H. 381, 236 A.2d 701 (1967), we recognized that the statute in its present form provides by negative implication that if the insurer gives the notice described, a special statute of limitations will apply to the cause of action affected. We also expressly held that the insurer may "place a twelve month limitation on actions against it only if it gives the insured specific notice of the limitation." *Id.* at 384, 236 A.2d at 704. The statute requires the insurer to give notice

that action will be barred unless the insured's "writ is . . . served" on the insurer within one year of the notice.

■■ This is not, however, what the defendant's letter stated. The letter advised that the plaintiffs must "commence suit" within the year. Since 1820 it has been clear that an action begins when a plaintiff or his counsel completes a writ with the intention to cause it to be served on the defendant. *Society v. Whitcomb*, 2 N.H. 227 (1820); *see Hodgdon v. Weeks Mem. Hosp.*, 122 N.H. 424, 445 A.2d 1116 (1982). Service of the writ, however, comes only after commencement of the action, as a necessary condition for prosecuting the action already begun. Since commencement and service are not identical, the defendant's notice cast in terms of commencement was not the notice described in the statute.

■ We decline to hold that the bare reference to RSA 407:15 cured the defect. We are bound by the "plain and unambiguous" language of the statute before us. *Dover Professional Fire Officials Assoc. v. City of Dover*, 124 N.H. 165, 470 A.2d 866 (1983). That obvious policy of statutory construction is buttressed by our other "strong policy in favor of adjudication of claims on their merits." *French v. R. S. Audley, Inc.*, 123 N.H. 476, 480, 464 A.2d 279, 282 (1983). Accordingly, we construe the statute strictly as against any insurer seeking to impose the special one-year statute of limitations, and we hold that an insurer does not invoke the benefit of the statute by notice couched in terms of commencing suit supplemented by citation to the statute.

Although our policies favoring plain construction and litigation on the merits require this result, we must concede the draftsman of the defendant's letter one significant point, that language of the opinion in *Hebert Manufacturing Co. v. Northern Assurance Co. supra* took some latitude with the statute. While the notice given in that case referred to service of writ, the court paraphrased it as indicating that "an action must be commenced" within a year. *Id.* at 384, 236 A.2d at 703. The court's statement was literally correct, but it could be read as equating service of writ with commencement of suit. We therefore would have shaky standing to fault the defendant's draftsman in this case. Our overriding obligations simply preclude support for his choice of words.

*Affirmed.*

All concurred.