Rockingham
No. 85-507

ALFRED J. JANVRIN, JR.

v.

UNION MUTUAL INSURANCE COMPANY

October 2, 1987

*Anthony A. McManus*, of Dover, by brief and orally, for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Peter E. Hutchins* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

The plaintiff's mobile home burned on March 30, 1979. The plaintiff filed an insurance claim against the defendant. The defendant denied the claim on May 22, 1979, and sent a notice to the plaintiff telling him that his claim was denied and informing him that any civil action he might have against the defendant would be forever barred by RSA 407:15 unless he served a writ on the defendant within twelve months. Both sides agree that the notice satisfied the requirement of *Maguire v. Merrimack Mutual Fire Insurance Company*, 125 N.H. 269, 480 A.2d 112 (1984).

The plaintiff brought this action against the defendant by serving a writ upon the defendant on October 2, 1984, more than three years after receiving the denial notice from the company. The defendant moved for summary judgment, claiming that the suit was barred by RSA 407:15. The plaintiff objected to the defendant's motion for summary judgment by claiming that RSA 407:15 is unconstitutional. The Trial Court (*Gray*, J.) granted defendant's summary judgment motion. The plaintiff appealed, and we affirm.

The only issue raised on appeal which we need to consider is whether RSA 407:15 is constitutional under the State Constitution, since the plaintiff properly preserved only this issue. The plaintiff's argument seems to be that RSA 407:15 deprives the plaintiff of the equal protection of the laws. We hold that RSA 407:15 is constitutional.

To understand why RSA 407:15 exists, one must place it in the context of RSA chapter 407 as a whole. Under RSA 407:2, any fire insurance policy issued for any New Hampshire property "shall conform to all the provisions of the policy form" found in RSA 407:22. The standard policy prescribed by RSA 407:22 states in part that:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court . . . unless commenced within 12 months next after inception of the loss."

Thus, the legislature provided fire insurers with a twelve months statute of limitations period contained in the standard policy set forth in RSA 407:22. However, in enacting RSA 407:15, the legislature provided that the twelve months limitation period cannot begin to run until the insurer gives the insured proper notice of the limitation. *See Hebert Manufacturing Co. v. Northern Assurance Co.*, 108 N.H. 381, 383–84, 236 A.2d 701, 703–04 (1967); *see also Flynn v. Insurance Co.*, 77 N.H. 431, 433, 92 A. 737, 738 (1914). We have long recognized that RSA 407:15 and its predecessors were enacted for the benefit of the insured. *See Tasker v. Kenton Insurance Co.*, 58 N.H. 469, 470 (1878). However, we have also noted in the past that RSA 407:15 "provides by negative implication that if the insurer gives the notice described, a special statute of limitations will apply to the cause of action affected." *Maguire*, 125 N.H. at 271, 480 A.2d at 113.

In this case, the plaintiff challenges the constitutionality neither of RSA chapter 407 as a whole nor of RSA 407:22, which actually provides for the limitation. Instead, the plaintiff challenges the constitutionality only of RSA 407:15. Therefore, in analyzing the constitutionality of RSA 407:15 we assume that the rest of chapter 407 is constitutional. Given that, RSA 407:15's treatment of the class of persons who want to sue over a fire insurance claim is "reasonable, not arbitrary, and rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation. . . ." *Gould v. Concord Hospital*, 126 N.H. 405, 408–09, 493 A.2d 1193, 1196 (1985) (quoting *Carson v. Maurer*, 120 N.H. 925, 932, 424 A.2d 825, 831 (1980)). Since those seeking to sue an insurance company over a fire insurance claim would otherwise be subject to the twelve months limitation period of RSA 407:22, then RSA 407:15 provides reasonable treatment of insured persons because it makes the provisions of RSA 407:22 *less* stringent on them.

The other issues raised by the plaintiff on appeal were not raised in the trial court, and consequently we will not consider them here.

*Affirmed.*

SOUTER, J., concurs in the result.