**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0368, <u>Elizabeth Skrekas & a. v. State Farm Fire and Casualty Company & a.</u>, the court on May 12, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, Elizabeth Skrekas, Thomas Skrekas, and the Estate of Virginia Martin, appeal two decisions of the superior court dismissing their action against the defendants, State Farm Fire and Casualty Company (State Farm) and New England Fire Cause & Origin, Inc. (NEFCO), alleging various causes of action related to their insurance claim and the handling of a fire investigation at a residence, co-owned at the time by Elizabeth, Thomas, and Virginia Martin. NEFCO cross-appeals the trial court's decision to apply an objective standard when it determined that NEFCO had a "reason to suspect" that a fire at the subject residence was not accidentally caused. RSA 153:13-a, II (2014). We affirm in part, reverse in part, and remand.

I. Facts

The record reflects the following facts. The residence was insured by State Farm against fire loss. In less than a week, two fires occurred in the kitchen. On September 29, 2010, the first fire damaged the refrigerator. Several days later, on October 4, 2010, before the refrigerator could be replaced, a second fire ignited in the kitchen.

State Farm hired NEFCO to investigate the second fire. NEFCO, in turn, sent its employee, David Wheeler, an expert in determining the cause and origin of fires, to investigate. After a two-day investigation at the scene, Wheeler produced a report concluding that the fire had been intentionally set. Thereafter, he conveyed his findings to the Hudson fire prevention officer, the state fire marshal's office, and State Farm. The Hudson police conducted a criminal investigation and charged Elizabeth with felony arson. The State subsequently entered a <u>nolle</u> <u>prosequi</u> on the charge.

In February 2012, the plaintiffs brought an action claiming breach of contract, breach of implied covenant of good faith and fair dealing, negligence, and vicarious liability against State Farm, and claiming negligence against NEFCO.

State Farm moved to dismiss, arguing that all of the plaintiffs' claims were time-barred by the relevant 12-month limitations period. Alternatively, they argued that the plaintiffs' tort claims were impermissible in the context of disputes between insureds and their insurer. The Superior Court (Nicolosi, J.) granted the motion on the pleadings and dismissed all claims against State Farm. NEFCO filed a separate motion to dismiss arguing that it was entitled to immunity. After an evidentiary hearing, the Superior Court (Temple, J.) dismissed the negligence claim against NEFCO. The plaintiffs appealed, and NEFCO cross-appealed.

## II. Claims Against State Farm

We first address the parties' arguments with respect to the dismissal of the plaintiffs' claims against State Farm. In reviewing the trial court's grant of a motion to dismiss, we determine whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. Kilnwood on Kanasatka Condo. Unit Assoc. v. Smith, 163 N.H. 751, 752 (2012). We assume the plaintiffs' pleadings to be true and construe all reasonable inferences in the light most favorable to them. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id.

### A. Contract Claims

The plaintiffs first argue that the trial court erred when it found that, under RSA 407:15 (2006) (amended 2014) and RSA 407:22 (Supp. 2016), their contract claims against State Farm are time-barred. The standard policy form required by RSA 407:22 provides, in pertinent part: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss." RSA 407:15 provides: "Unless the [insurance] company shall notify the insured that any action will be forever barred by law if his writ is not served on the company within 12 months next after such notification, he may bring his action at any time." (Emphasis added.) We have construed RSA 407:22 as setting forth a 12-month limitations period and have construed RSA 407:15 as requiring an insurer to give notice of this period before it may rely upon it. Kierstead v. State Farm Fire & Cas. Co., 160 N.H. 681, 686 (2010). We have explained that the "obvious purpose of RSA 407:15 is to allow the insurer to place a twelve[-]month limitation on actions against it only if it gives the insured specific notice of the limitation." Id. (quotation and ellipsis omitted). We have also held that the 12-month period begins to run from the date of notice, and not from the date of the insured's loss as set forth in RSA 407:22. Id. The issue, here, is whether the plaintiffs were so notified.

In its reply to the plaintiffs' objection to its motion to dismiss, State Farm attached an October 11, 2010 notice, which it represented had complied with RSA 407:15. The plaintiffs countered that State Farm was estopped from relying upon that notice because it subsequently sent a conflicting notice on July 25, 2011. The trial court rejected the plaintiffs' estoppel argument concluding, based upon the October 11 notice, that "State Farm properly notified plaintiffs of the twelve-month limitations period."

The plaintiffs asked the trial court to clarify and reconsider. In its objection, State Farm acknowledged, for the first time, that, actually, it had not sent the October 11 notice:

> In fact, it appears that the copy of the [October 11] notice attached to State Farm's earlier filing was a file copy, and not the actual letter sent. The actual letter sent was dated October 15, 2010 and was sent to Virginia Martin, "C/o Elizabeth Skrekas as Power of Attorney" by certified mail.

The trial court denied the plaintiffs' motion to reconsider without discussion.

Because we accept State Farm's representation to the trial court that the October 11 notice was not sent, we need not address the parties' arguments regarding that notice. Instead, we limit our analysis to the October 15 notice, which stated:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

(Emphasis added.) The plaintiffs argue that the October 15 notice did not comply with RSA 407:15 and, therefore, that the 12-month limitations period set forth in RSA 407:22 never began to run.

Before addressing the merits of the parties' arguments, we consider State Farm's contention that the plaintiffs' arguments regarding the October 15 notice are not preserved. "[P]reservation is a limitation on the parties to an appeal and not the reviewing court." Camire v. Gunstock Area Comm'n, 166 N.H. 374, 377 (2014). In this case, because State Farm did not inform the trial court that the October 15 notice was the operative notice until it objected to the plaintiffs' motion to clarify and for reconsideration, we will address the plaintiffs' arguments on their merits.

The plaintiffs argue that the October 15 notice did not comply with RSA 407:15 because it "contains the same language this court held to be not in

compliance with the statute" in <u>Maguire v. Merrimack Mutual Fire Insurance Co.</u>, 125 N.H. 269 (1984).  In <u>Maguire</u>, we held that a notice that informed the insured that the insured had "one year from the date of this denial to commence suit against the insurance carrier, or be forever barred from such claim" was insufficient "to activate the one-year statute of limitations" in RSA 407:22.  <u>Maguire</u>, 125 N.H. at 271 (quotations omitted).  We explained that the notice "was not the notice" described in RSA 407:15, because "commencement and service are not identical."  <u>Id</u>. at 272.

We agree with the plaintiffs that the October 15 notice, like the notice in <u>Maguire</u>, is deficient.  The October 15 notice, like the notice in <u>Maguire</u>, informed the insureds that their lawsuit had to be "commenced" within a 12-month period; it did not inform them that their lawsuit had to be "served" within that period.  <u>See</u> RSA 407:15.  Although State Farm attempts to distinguish <u>Maguire</u> from the instant case by relying upon the language of the October 11 notice, its reliance upon that notice is misplaced given that State Farm informed the trial court that the October 11 notice was "not the actual letter sent."

The October 15 notice is deficient for another reason as well.  Unlike the notice required by RSA 407:15, the October 15 notice informed the insureds that the 12-month period began running when the loss occurred, instead of when the notice was given.  <u>See id</u>.  Thus, the October 15 notice "was not sufficient to activate" the 12-month limitations period in RSA 407:22.  <u>Maguire</u>, 125 N.H. at 271.  Therefore, we conclude that the trial court erred when it ruled that the plaintiffs' contract claims against State Farm are barred by RSA 407:22.

### B.  Tort Claims

We next address the plaintiffs' argument that the trial court erred when it dismissed their negligence and vicarious liability claims against State Farm. The trial court dismissed those claims based upon our decision in <u>Lawton v. Great Southwest Fire Insurance Co.</u>, 118 N.H. 607, 613 (1978), in which we explained that, in New Hampshire, "a breach of contract standing alone does not give rise to a tort action," but, if "the facts constituting the breach of the contract also constitute a breach of a duty owed by the defendant to the plaintiff independent of the contract, a separate claim for tort will lie."  The trial court determined that State Farm retained NEFCO and investigated the fire so as to determine whether its insurance contract with the plaintiffs required it to pay for the loss.  Under those circumstances, the trial court concluded that the plaintiffs had not alleged that State Farm breached a duty that existed independently of the insurance contract.

On appeal, the plaintiffs assert that this case is similar to <u>Bennett v. ITT Hartford Group, Inc.</u>, 150 N.H. 753, 758 (2004).  We disagree.  In <u>Bennett</u>, we

4

reversed summary judgment because the facts, when viewed in the light most favorable to the insured, could have supported a finding that the insurer owed the insured a duty independent of the policy. Bennett, 150 N.H. at 758. In that case, the insured contended that the insurer had promised to pursue a claim on behalf of the insured against the individual who had started the fire. Id. at 756. Both parties conceded that the insurer "did not have an obligation under the insurance contract to investigate the cause of the fire for purposes of subrogation." Id. The insured asserted that the insurer told him that it was actively conducting an investigation, even though it had abandoned the investigation, and that it forbade him from conducting any investigation of his own. Id. We concluded that the insured would have a "cause of action in tort" if the insurer owed a "duty of good faith to exercise reasonable care in its investigation into the cause of the fire" that was "independent of the contract." Id. at 758.

Here, State Farm did not owe a duty to the plaintiffs independent of the insurance contract. As the trial court supportably found, the purpose of NEFCO's investigation was to "determine whether the terms of the insurance contract required State Farm to pay for the loss." Accordingly, we hold that the trial court did not err in dismissing the plaintiffs' tort claims against State Farm. We have reviewed the plaintiffs' remaining arguments on this issue and conclude that they warrant no further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

III. Claims Against NEFCO

The plaintiffs argue that the trial court erred when it dismissed all claims against NEFCO because NEFCO is immune from liability. RSA 153:13-a, IV (2014) provides immunity to an "insurance company or person who furnishes information on its behalf" for statements or actions taken that are "necessary to supply information required pursuant to this section." (Emphases added.) RSA 153:13-a, II requires an insurance company to notify the state fire marshal if it has "reason to suspect that a fire loss in the amount of $1000 or more . . . was caused by other than accidental means." (Emphasis added.) Following an evidentiary hearing, the trial court concluded that NEFCO was immune under these provisions after finding that NEFCO's employee, Wheeler, had a reason to suspect that the second fire was not an accident, that his suspicion was based upon objective and particularized facts, and that in investigating the fire and reporting his findings to the state fire marshal's office, he acted on State Farm's behalf.

The plaintiffs first contend that the trial court's statutory interpretation was flawed. We review the trial court's statutory interpretation de novo. Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014). "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. Immunity statutes, such as RSA

5

153:13-a, IV, which are in derogation of the common law, must be interpreted strictly.  See Estate of Gordon-Couture v. Brown, 152 N.H. 265, 266 (2005).

The plaintiffs argue that NEFCO did not act "on . . . behalf" of State Farm.  RSA 153:13-a, IV.  According to the plaintiffs, "on behalf of" means "for the benefit of," and here, they assert, the report that NEFCO's employee, Wheeler, made to State Farm and others "was not in the interest of" or "for the benefit of" State Farm.  (Quotations omitted.)  Contrary to the plaintiffs' assertions, the plain meaning of the phrase "on behalf of" is "in the name of, on the part of, as the agent or representative of."  Black's Law Dictionary 184 (10th ed. 2014) (italics omitted).  Under the facts found by the trial court, NEFCO, having been hired by State Farm to investigate the second fire, acted "on behalf of" State Farm in so doing.

The plaintiffs further argue that Wheeler's report was neither "necessary" nor "required" within the meaning of RSA 153:13-a, IV.  They contend that, to determine whether a report is "necessary" or "required" within the meaning of RSA 153:13-a, IV, one must examine RSA 153:13-a, II.  They argue that, because RSA 153:13-a, II requires an "insurance company" to notify the state fire marshal's office if that company has "reason to suspect" that a fire was not accidentally set, only reports by insurance companies are "necessary" and "required" within the meaning of RSA 153:13-a, IV.  However, nothing in RSA 153:13-a, II precludes an insurance company from acting through its agents and subagents.  Accordingly, we disagree with the plaintiffs that, because the report in this case was made by State Farm's agent, NEFCO, acting through its employee, Wheeler, the report was neither "necessary" nor "required" within the meaning of RSA 153:13-a, IV.

The plaintiffs next challenge various of the trial court's factual findings.  We will uphold the trial court's factual findings unless the evidence does not support them or they are erroneous as a matter of law.  Rabbia v. Rocha, 162 N.H. 734, 738 (2011).

The plaintiffs contend that there was no testimony or evidence to support a finding that Wheeler acted as State Farm's representative when he reported his findings to the authorities.  The plaintiffs observe that "Wheeler testified that he notified the authorities of his suspicions based on his understanding of his personal obligations, and not under the direction of State Farm."  They further observe that "Wheeler had no contact with State Farm until . . . he made his report to the authorities not affording State Farm an opportunity to consider or critically examine his opinions."  Given these circumstances, the plaintiffs contend that "there was no evidence by which the trial court could conclude that Wheeler acted 'on behalf of' State Farm" when he reported his findings to the state fire marshal's office.

6

Based upon our review of the record, we disagree with the plaintiffs that the trial court was compelled to find that Wheeler acted outside of the scope of his agency when he reported his suspicions to the authorities. As the trial court found, and as the record supports, Wheeler was State Farm's agent with regard to determining the cause and origin of the second fire. As the trial court found, and as the record supports, in that capacity, Wheeler completed his investigation and notified the state fire marshal's office, the Hudson police department, and State Farm of his findings. Based upon the record, the trial court reasonably found that Wheeler acted within the scope of his agency relationship with State Farm when he reported his suspicions to the authorities. Because none of the evidence upon which the plaintiff relies establishes, as a matter of law, that Wheeler failed to act as State Farm's agent when he reported his suspicions, we uphold the trial court's determination.

Additionally, the plaintiffs argue that the trial court's finding that Wheeler had a "reason to suspect" that the fire was not accidental is "against the weight of the evidence when viewed with an objective standard and in light of the absence of specific articulable facts supported by scientific methodology." We construe this argument to be a challenge to the sufficiency of the evidence. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. Walker v. Walker, 158 N.H. 602, 608 (2009). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id. We view the evidence in the light most favorable to the prevailing party, in this case, NEFCO. See id.

Viewing the evidence in the light most favorable to NEFCO, we conclude that it is sufficient to support the trial court's finding that Wheeler's suspicion was objectively reasonable. The trial court found, and the record supports its finding, that Wheeler's suspicion that the second fire was not accidental was based upon the following objective and particularized facts: (1) he ruled out an electrical or mechanical cause of the fire by talking with a forensic electrical engineer employed by NEFCO; (2) he observed burn patterns in the refrigerator; (3) he was aware that the first fire had occurred in the kitchen approximately one week before the second fire; (4) he discovered, in a nearby trash can, a rolled-up piece of paper that was burned on both ends; (5) he discovered cigarettes in a nearby trash can and knew that the Skrekases did not smoke in the house; (6) he learned that Elizabeth had made inconsistent statements about her activity on the day of the fire; and (7) he was aware that the Hudson fire prevention officer had concluded that the second fire constituted a crime scene.

To the extent that the plaintiffs argue that their expert's contrary opinion about the origin of the second fire renders Wheeler's suspicion unreasonable as a matter of law, we disagree. As the trial court found, though their expert's "review of the evidence, supplemented with months of research, analysis, and

testing, indicates that . . . Wheeler's hypothesis may have been misplaced, it was objectively reasonable at that time." Although the plaintiffs fault the trial court for giving insufficient weight to the testimony of their expert, "it is not our role to calculate how much weight a trial court should accord specific evidence." In the Matter of Choy & Choy, 154 N.H. 707, 714 (2007).

In its cross-appeal, NEFCO challenges the trial court's use of an objective standard to determine whether Wheeler had a "reason to suspect" that the second fire was not accidental. RSA 153:13-a, II. Because we conclude that the trial court did not err in finding that NEFCO was immune under the more stringent objective standard, we need not decide whether the court should have applied a subjective standard. Therefore, we leave for another day the issue of whether a subjective or objective standard applies when determining whether an insurer (or its agent) had a "reason to suspect that a fire loss in the amount of $1000 or more to its insured's real or personal property was caused by other than accidental means." Id.

To the extent that the parties raise any additional arguments, we conclude that they do not warrant further discussion. See Vogel, 137 N.H. at 322.

Affirmed in part; reversed in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

8