## SOCIETY FOR PROPAGATING THE GOSPEL *vs.* DANIEL WHITCOMB.

The statute of limitations as to reviews stops at the time the writ is sued out. The date and not the service of the writ is *prima facie* evidence of the true time when it was sued out. But this *prima facie* evidence may be rebutted, and the true time shown by parol testimony.

Under our practice, the true time, when a writ is sued out, or an action commenced, is the time when the writ is, in fact, filled up with the declaration in order to have it served upon the opposite party.

THIS was a writ of review, dated May 11th, 1819, and served August 17th, 1819. It was brought on a judgment, rendered against the plaintiffs at May term, A. D. 1816.

The defendant at November term, 1819, pleaded in abatement to the writ of review, that it " was not *served* upon him"

So. Prop. Gos.
*vs.*
Whitcomb.

at any time within three years after judgment was rendered in the original action. To this plea the plaintiffs filed a general demurrer, which was joined.

*P. R. Freeman*, counsel for the plaintiffs.

*Swan*, for the defendant.

At this term judgment was rendered against the defendant.

WOODBURY, J. had drawn up the reasons for the judgment, as follows.

Our statute of February 9th, 1791, provides, that " no action of review shall be brought after the expiration of " three years from the time of rendering the judgment to be " reviewed."(1)

(1) 1 N. H.
Laws 103.

In this case, the plea in abatement must be founded on the supposition, that the time of service of the writ is the time when the "action of review" is " brought"; while the demurrer must rest on the opinion, that it is " brought" at the time the writ bears date, or, at the latest, when the writ was in fact sued out.

In this state, our writs of mesne process contain the declaration ; and not being sued, till that is inserted, they disclose the whole cause of action. But when obtained from the clerks of the respective courts, though attested and sealed, they are mere blank forms and are afterwards filled up by the parties or their counsel, with the appropriate term, dates, names and declaration, whenever an occasion arises to use them. They are then handed to an officer for service; and, except the entry of the action on the docket of the court, the plaintiff does no more till the defendant appears and pleads. This course of practice differs so essentially from many of the English forms,that, sometimes, the same expressions convey meanings altogether unlike, and the same principles are inapplicable to the same nominal stage in the proceedings. Thus, in the king's bench, the writ issues merely to bring the defendant into court, and not at the same time

(2) Bull. N. P.
151.—7 D. &
E. 4.

to apprise him of the cause of action.(2) The cause of action may not even exist till the filing of the bill, and then for the first time it is technically set forth to the defendant. 2 *Saund.* 1.—4 *East* 75.—*Cowp.* 455, *Foster vs. Bonner.*

Hence it follows, that for some purposes, an action there
may not be commenced till after both the date of the writ and the service, and also the appearance of the defendant in court; because the cause of action may neither exist nor be set forth till then. Thus in the common pleas, likewise, the filing of bail is in some cases, for some purposes, regarded as the commencement of the action.(1)   But it will be seen (1) 1 Bos. & Pull. 36.—Peak. E. 254. that in those cases no declaration had previously been filed and the affidavit to hold to bail disclosed to the defendant the true cause of action.

So, it would seem, that writs of error are not considered as commenced for some purposes till the errors are assigned, which in England is not till after the service and return of the writ. Then the defendant first receives notice of the specific cause for which the writ issues.(2)   While, on the contrary, it has often been ruled, that for most purposes an action is commenced at the date of the writ. *2 Burr.* 950, *Johnson vs. Smith, and auths. there cited.* (2) 2 Tidd. 1062.—1 John. 493.—15 ditto 493.

The questions in this case, then, must be settled upon general principles, modified as we may find them by the peculiarities of our practice. The expression in the statute, upon which the points arise, is, that "no action of review shall be brought," &c.

We entertain an opinion, that the word "action," here means writ; and that the word "brought," means the procurement of it with a view to service upon the opposite party. Thus the word, "action," though, in general, it signifies merely motion or an act, yet, when applied to legal subjects, means a proceeding by one party against another to try their mutual rights;(3) or as it is more technically expressed in some book, a process, to which there may be pleadings. *Co. Litt.* 291.—*Wm. Bl.* 1227.—*2 Sellon* 274.—*4 Mass. Rep.* 520—*14 Mass. Rep.* 361. (3) 1 Inst. 40. —2 Adams' Lec. 375.

As a writ here embraces the declaration, it is manifestly such a process; and the words, "writ of review" are frequently used as synonymous with "action of review,"(4) (4) 1 N. H. Laws 103, 82.

So the word, "brought," means obtained or gotten; and signifies the same as sued out; because the plaintiffs made

So. Prop. Gos.
*vs.*
Whitcomb.

suit or *secta* to the king, to the chancellor, or to the clerk, as in different ages the practice altered (*Mirror of Justice* 8.—2 *Bl. Co.* 272.—2 *Burr.* 960–1) ; and obtained not a mere blank form as with us, but a writ filled up with the dates, term, &c. ready for service. In like manner, we now obtain from the clerks, writs of execution filled up ; and hence when thus obtained, they are properly said to be " sued out." But by the procurement of a blank form from the clerk or an attorney, an action is not " brought ;" because such form is not a writ, though by the procurement of such a form, suitably filled up and intended to be served, the " writ" or " action" may well be called " commenced," " sued out," or, in the language of the statute under consideration, " brought."(1)

(1) 5 Mass. Rep. 222.

It is the intention and act combined, which, in fact, constitute the institution of the suit.* Because a writ filled up, with no intention of service, is altogether inoperative ; as it may be filled up, before the cause of action commences, and be antedated. This is frequently the case with executions filled up, after a default and before judgment.

On the other hand, an intent to serve the writ is insufficient, unless the writ be filled up in all its substantial parts. And hence an alteration in the writ at any time before service may be deemed a completion of the writ, not till that date ; and consequently not be forgery. 13 *John.* 158.†

The *evidence* of the true time the " action" is " brought," presents a different question. The presumption on this subject is, that the date of the writ is the true time when the action was brought. *Yelv.* 71, *note.*—4 *Mass. Rep.* 263.

This is grounded on the probability of the fact, and is in analogy to the presumption, which prevails as to execution of notes, deeds and other written instruments. But in England writs sued out in vacation are generally antedated to the preceding term ; here they may be antedated to any time after fifteen days before the preceding term and they may by mistake or design be either postdated or antedated.

---

* 17 John. 65, Bronson vs. Earl.—347, Low vs. Little.—18 John. 14, Berndick vs. Green.—496, Visher vs. Garsevant..
† 18 John. 3, Sullivan vs. Alexander.

Hence the presumption that the date is the true time the action was brought is not a presumption *de jure*, which cannot be rebutted; but is a presumption *de facto*; and the question may always be submitted to a jury whether the action was not actually commenced either prior or subsequent to the date of the writ. *Yelv.* 70, *note.—Burr.* 960, 1242.— 1 *Bl. Rep.* 320, *Morris vs. Herwood et. al.* Indeed, if it become material, the true time may be shown to an hour. 1 *Bl. Rep.* 439, *Combe vs. Pitt.*

It must be obvious, therefore, that a plea, which like the present one is founded on an idea, that the service of the writ is necessarily, or even *prima facie*, the true time, when the action is " brought," must be bad. The plea ought to follow the words of the statute, and allege, that the action of review was not " brought" within the time limited ; and, then, if the issue thus tendered be joined, the defendant may prove, by parol or otherwise, that the writ was not filled up with a view to service till the day of the service, or till some intervening time between its date and the service.

Whether a plea might not be good, if it alleged, that the writ was not dated within the time limited is less questionable. The date is *prima facie* the time when the action was brought ; on an issue joined, the inquiry might be when in fact the date was inserted ; and in real actions the ancient statutes of limitation provided, that so many years of adverse possession must not elapse before the " teste of the " writ."(1) Our earlier statutes limited the entry to so many years before " *the teste of the writ*, or the bringing of the " action."(2) But now they are all more specific, and say only, " the commencement of such suit," actions " shall be " commenced," &c.(3)

There can be no doubt, therefore, that now the most technical and the proper form of pleading, is to refer, in express language, to the commencement of the action, and not to the teste of the writ, and much less to its service. Thus are the forms of pleading a release, (1 *John.* 342.—2 *ditto* 346.—3 *ditto* 42.—15 *ditto* 326) ; *a set-off* (3 *John. Ca.* 145, *Carpenter vs. Butterfield*) ; *a tender* (1 *Wils.* 141, 144.—*Cowp.*

(1) Tidd. 294. —Burr. 959.— 3 Cruise 539.

(2) 1 N. H. Laws 164.

(3) 1 N. H. Laws 169.

454.—*Burr.* 1427.—8 *East* 168.—4 *ditto* 76.—8 *D. & E.*
629.—2 *Saund.* 1.—1 *Siderfin* 53, 60.—11 *John.* 197, 472.—
12 *ditto* 181) *;* and thus must *the cause of action* be proved
to have existed before the commencement of the action.
*Yelv.* 70, *Vales vs. Eagles.*—*Cr. Ja.* 10.—4 *Es. Ca.* 100.—
1 *John.* 285.—2 *ditto* 342.—3 *ditto* 42, 71.—3 *John. Ca.* 145.
—1 *Dall.* 77, 411.—15 *Mass. Rep.* 364.

The exceptions to these general principles and to the cus-
tomary forms, arise from circumstances not applicable to
the present case. In fine, the statute of the 21st James I.,
whose provisions are, that " actions" " shall be commenced
" and sued" within certain periods, and whose language has
been substantially followed in most of our states, has receiv-
ed a settled construction like that we have now given to the
statute under consideration.

The form of pleading refers to the suing out, and not to
the service of the writ; and the former and not the latter
is held to be the commencement of the action. 1 *Burr.*
958.—2 *Saund.* 1.—3 *Bl. Com.* 316.—*Tidd.* 294.—5 *Coke*
47.—*Cro. El.* 675.

So in New-York ;(1) so in Massachusetts ;(2) and so, also,
is the theory on which the statute is founded. Because
suing out the writ with a view to service is an act of legal
diligence within the time of limitation ; it shows, that the
party has not slumbered the period prescribed to bar his
rights ; and, therefore, rebuts the inference of payment, re-
lease, or other species of discharge, on which the statute is
principally bottomed.

Our apology for so minute an examination of these ques-
tions is, that, by tradition, there have been in this state
contradictory decisions upon them, and the gentlemen of
the bar seem generally to have fallen into a practice of treat-
ing the service and not the date of the writ as *prima facie*
the true time when the action is commenced.

(1) 12 John.
430.
(2) Story's
Pl. 91, 92.