HORATIO N. MASON v. PHILLIP CHENEY & AL.

A suit is to be regarded as commenced so as to avoid the statute of limitations when the writ is completed with the purpose of making immediate service.

If it be completed except affixing a revenue stamp, but the purpose is to serve it without, the suit will be regarded as commenced at the date of the writ.

But if retained several days for the want of a stamp, and then it be affixed and nothing more is shown, the suit must be considered as commenced when the stamp was affixed.

THIS is an action of assumpsit. The writ is dated September 6, 1864, and was served on the 19th day of the same month.

On the day of the date of the writ the plaintiff directed W. W. Flanders, Esq., to make the same and have it served at once. He made the writ on that day, but not having revenue stamps at hand, he did not stamp the writ until two days or more after, but the appropriate stamp was duly put on the writ and duly cancelled before the same was served.

The defendant pleads the general issue and the statute of limitations, to which last plea the plaintiff replies a new promise. The note sought to be recovered in this suit is dated September 7, 1858, and is on demand, and was more than six years old at the time the writ was served, and at the time the stamp was affixed.

The above facts are agreed to for the purpose only of having the law of the case determined, and each party has the right of having the facts found by a jury.

*Flanders & Pike*, for plaintiff.

*Shirley, Minot & Mugridge*, for defendants.

BELLOWS, J. It is quite clear that a writ or other instrument is not absolutely void for want of a revenue stamp; but the stamp may subsequently be affixed by the collector of the district on payment of its price and interest, and penalty also, unless the stamp was omitted by accident, mistake, inadvertence, or urgent necessity; in which case the collector is empowered to remit the penalty, and by the express provis-

ions of the act of March 3, 1865, amending section 158 of the act of June 30, 1864. Such instrument so stamped by the collector "shall therefore be deemed and held to be as valid to all intents and purposes as if stamped when made or issued." A similar provision is contained in the law of June 30, 1864. See *Garland* v. *Lane*, 46 N. H. 245. Such also seems to be the law in England, unless where the statute provides that no action shall be *brought* upon an instrument unless it is stamped. *Huddleston* v. *Briscoe*, 11 Ves. 595; see 3 Harrison's Dig. 1890, and cases collected.

It would seem to follow, then, that if the writ was made before the expiration of the six years with the intent to have it served seasonably as it then was, although wanting a stamp, it would prevent the operation of the statute.

If on the other hand it was understood not to be completed and there was no intention to have it served until the stamp was affixed, the suit must be regarded as commenced when the stamp was affixed and not before.

It is quite well settled in New Hampshire that a suit is to be considered as commenced, or brought, when the writ is sued out and completed, in order to have it served on the defendant. *Hardy* v. *Corliss & al.*, 21 N. H. 356, and cases cited; and so it is held in Massachusetts, *Gardner* v. *Webber*, 17 Pick. 407; *Bunker* v. *Shed*, 8 Met. 152. In these cases the writs were made shortly before the expiration of the time when the claims were to have been barred by the statute of limitations, but were served several days after. In *Bunker* v. *Shed*, the court instructed the jury that if the writ was made at its date, with an intention to cause it to be seasonably served before the return term, that was the commencement of the suit; and this was held to be correct by the court above.

In accordance with these views, it is held that although the writ be completed, and put into the hands of an officer, yet if he be directed not to serve it until after a certain act be done, such as a demand upon the defendant and a refusal, the suit will not be regarded as commenced until after such act is done. *Robinson* v. *Burleigh*, 5 N. H. 225; *Graves* v. *Ticknor*, 6 N. H. 537; *Leach* v. *Noyes*, 45 N. H. 364; *Badger* v. *Phinney*, 15 Mass. 359; *Swift* v. *Crocker*, 21 Pick. 242; *Seaver* v. *Lincoln*, 21 Pick. 267. These cases go upon the ground that although the writs were completed there was no present intention to serve them, until some other act was done; which might in fact render it unnecessary to make service at all.

In the *Society for Propagating the Gospel* v. *Whitcomb*, 2 N. H. 227, it was decided, that, to stop the running of the statute of limitations, the writ must be filled up in all its substantial parts with intent to serve it, and that an alteration of it afterwards and before service may be considered a completion of it not till that date; and that a writ filled up with no intention of service is altogether inoperative.

In the case before us the writ was made in time to avoid the statute bar, but the stamp was not affixed because none was at hand. Had the writ been served without affixing the stamp, although after the six years

had expired, it would have been well, provided it had been afterwards duly stamped; unless there had been something to indicate an intention not to serve it at the time it was made.

And the inquiry in this case is, whether the writ was completed before the expiration of the six years, to be served as it then was, or whether it was not regarded as completed for service until the stamp was affixed; whether, in fact, the service was intended to be delayed until the stamp was affixed.

If a stamp was necessary to the validity of the writ, and the service was delayed until a stamp could be procured, and it was the purpose not to serve it until then, it could not be regarded as completed at its date. And it would be the same if it had been erroneously supposed that a stamp was necessary when it was not, if the purpose not to serve it until stamped, existed, because in both cases there would be wanting the purpose of making present service, and it would stand much like the case where the writ was not to be served, although fully completed, until after a demand, or other act. It appears here, that the writ was made and dated September 6, 1864, but not having revenue stamps at hand the attorney retained it for two days, or more, until the stamps were procured, and then he stamped and delivered it to the sheriff for service, the directions from the plaintiff having been to make the writ and have it served at once.

On this state of facts, we think the presumption is that there was no purpose to have the writ served until it was stamped, for it cannot be supposed that the attorney would affix a stamp to a writ which he regarded as already completed so as to constitute the commencement of a suit, without having the sanction of the collector, but rather that by affixing the stamp the writ was completed and ready for service, and not before.

The general principle undoubtedly is, that if there is a substantial alteration of a writ after it is made and before service, the suit will be deemed to be commenced at the time the alterations were made, and not until then, and therefore the alterations would not be forgeries. *Society* v. *Whitcomb*, 2 N. H. 230.

In the case now before us, there is no proof of an intention to serve the writ until the stamp was affixed, and it cannot be regarded, therefore, as completed for service at its date. See *Burdick* v. *Green*, 18 Johns. 14; and as it must be held that the writ was not completed until the stamp was affixed, it is not necessary to inquire whether a stamp was necessary or not.

There must then, unless a trial by jury is decreed, be

*Judgment for defendant.*