Coos
No. 81-107
No. 81-293

## DIANE HODGDON, ADMINISTRATRIX
### w/w/a OF THE ESTATE OF JOHN HODGDON

v.

### BEATRICE D. WEEKS MEMORIAL HOSPITAL *& a.*

May 17, 1982

*Brown & Nixon P.A.*, of Manchester (*Stanley M. Brown* and *David W. Hess* on the brief, and *Mr. Brown* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief and *Robert L. Chiesa* orally), for the defendant Robert E. Lewis, M.D.

*Sulloway, Hollis & Soden*, of Concord, for the defendant Beatrice D. Weeks Memorial Hospital, filed no brief.

BATCHELDER, J. The issues involved in this appeal are (1) whether the Trial Court (*DiClerico*, J.) erred when it denied a motion to dismiss for failure to commence suit before the statute of limitations expired, (2) whether it erred when it allowed the late entry of the plaintiff's wrongful death writ, and (3) whether the plaintiff could maintain a breach of contract action for treatment that allegedly contributed to the death of her decedent. We hold (1) that the motion to dismiss the wrongful death writ should have been granted because the statute of limitations had run, (2) that the allowance of the late entry was thereby improper, but (3) that a contract action might possibly be maintained on the facts pleaded.

The plaintiff's decedent, John Hodgdon, was injured in an automobile accident on December 21, 1976. He was taken to the Beatrice Weeks Memorial Hospital, where he was treated by Doctor Lewis, who was a member of the Regional Medical Professional Association. The plaintiff alleges negligence in that John Hodgdon's broken neck was not diagnosed from December 21 to December 24. Mr. Hodgdon died on January 14, 1977.

The plaintiff sued the driver of the other vehicle, a citizen of Vermont, in the Federal District Court for the District of New Hampshire. The case was settled for $90,000 on April 5, 1979. On December 20, 1978, while settlement negotiations were going on, the plaintiff's counsel had prepared writs, with a March 1979 return date, against the present defendants (the hospital, the treating physicians and the medical association to which the doctors belonged) and put them in his files. On April 20, 1979, more than two months after the statute of limitations expired, *see* RSA 556:11, the plaintiff's counsel notified the defendants in these cases, by sending them copies of the writs, that the plaintiff intended to bring actions against them.

 In New Hampshire, it has long been held that a suit is commenced when the writ is filled out with the intention of having it served on the defendant. *See Brady v. Duran*, 119 N.H. 467, 469, 403 A.2d 416, 418 (1979); *Society for Propagating the Gospel v. Whitcomb*, 2 N.H. 227, 232 (1820). However, "we have often strictly adhered to deadlines and other procedural requirements. . . . " *Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284–85 (1977). One requirement is that there must be the present intention of service, but where the writ "cannot be served until some further act is done, the action is not deemed to be commenced until such act is performed." *Clark v. Slayton*, 63 N.H. 402, 402, 1 A. 113, 113 (1885); *see Mason v. Cheney*, 47 N.H. 24, 25–26 (1866). In the case before us, the plaintiff's counsel has admitted that he did not intend to serve the writs on the defendants until he settled the case in federal district court. This settlement was a precondition of service; the suits were thus not commenced until its occurrence. Because the final date of settlement, April 5, 1979, postdated the expiration of the statute of limitations, January 14, 1979, we hold that the action was barred. *See* RSA 556:11.

 Another factor contributing to our decision is the fact that the precondition was an indefinite event. Settlement was originally scheduled for early March 1979. It actually occurred in April 1979. The initial case could possibly have been settled in October

1979, or later. We cannot allow the use of the commencement-on-completion rule to extend the statute of limitations indefinitely.

■ Furthermore, this case does not involve the failure to serve or file in a court a writ because of accident, mistake, or misfortune. *See generally* Preface to SUPER. CT. RS. Rather, the writ was withheld for calculated and determined reasons, as a matter of tactics and strategy. To sanction such an approach would result in the judicial repeal of the statute of limitations and the substitution of ad hoc, judge-made rules that would vary from case to case.

■ On June 2, 1979, the plaintiff had also moved for leave to enter the writs late, since they bore a March 1979 return date. *See* RSA 496:2 (return date must be within three months of the date on the writ), *repealed by* Laws 1981, 328:3 XI (eff. August 18, 1981), relevant provisions continued in effect by Sup. Ct. Adm. Order 81-1A. Because the statute of limitations had run, the court should not have allowed late entry of the writs. *See Guerin v. N.H. Catholic Charities*, 120 N.H. 501, 504, 418 A.2d 224, 226 (1980).

■■ The plaintiff also filed an action alleging a breach of contract, which was dismissed by the trial court. Although our earlier decisions barred contract actions when the facts gave rise to actions for wrongful death, *see Wadleigh v. Howson*, 88 N.H. 365, 367, 189 A. 865, 867 (1937); *Howson v. Company*, 87 N.H. 200, 206, 177 A. 656, 661 (1935), these decisions have been overruled, and contract actions are now permissible in certain circumstances when they are brought prior to the expiration of the contract statute of limitations period. *Kelley v. Volkswagenwerk*, 110 N.H. 369, 370–72, 268 A.2d 837, 838–39 (1970); *see Guerin v. N.H. Catholic Charities*, 120 N.H. at 505–06, 418 A.2d at 227. The facts presented on appeal are insufficient for us to determine if the plaintiff's contract action is, in substance, a contract or a negligence claim. *See Cloutier v. Kasheta*, 105 N.H. 262, 264–65, 197 A.2d 627, 628–29 (1964); *Lakeman v. LaFrance*, 102 N.H. 300, 305, 156 A.2d 123, 127 (1959). We, therefore, make no ruling on the viability of the contract action.

*Reversed; remanded.*

KING, C.J., did not sit; the others concurred.