Hillsborough-northern judicial district
No. 94-292

CORISSA A. DESAULNIER

v.

MANCHESTER SCHOOL DISTRICT

October 27, 1995

*Nixon, Raiche, Brown, Manning & Branch, P.A.,* of Manchester (*David L. Nixon* on the brief and orally), for the plaintiff.

*McDonough & O'Shaughnessy, P.A.,* of Manchester (*Cindy Robertson* and *Robert G. Whaland* on the brief, and *Ms. Robertson* orally), for the defendant.

JOHNSON, J. The plaintiff, Corissa Desaulnier, appeals the Superior Court's (*Groff,* J.) dismissal of her suit against the defendant, Manchester School District (school district). Desaulnier argues that the court erred in ruling her suit barred by the statute of limitations, RSA 508:8 (1983). We reverse and remand.

Desaulnier's action is based on an injury she allegedly suffered while cheerleading for Manchester's West High School on March 10, 1990. Desaulnier turned eighteen on March 31, 1991, and therefore had until March 30, 1993, to bring suit against the school district. RSA 508:8. On January 14, 1992, Desaulnier's attorney notified the city's office of risk management that Desaulnier was making a claim against the school district. After investigating the matter, the city denied liability. On March 8, 1993, Desaulnier's attorney completed and signed a writ, with a May 1993 return date, naming the school district as defendant. On March 18, she sent a copy of the writ to school district officials, asking if they would voluntarily accept service, thereby avoiding formal service by a sheriff. The city solicitor's office replied on March 26 that the school district would not and suggested the city as a better defendant. On April 2, Desaulnier's attorney prepared and signed a writ against the city, serving it on April 7.

In August 1993, the city moved to dismiss the April 2 writ based on the statute of limitations. Later that month, Desaulnier moved to extend the return date on the March 8 writ against the school district, which had yet to be served. The Superior Court (*Barry*, J.) granted this motion, as well as Desaulnier's subsequent motion for voluntary nonsuit in her case against the city. The school district, represented by the same attorneys as the city, then moved to dismiss the March 8 writ, again based on the statute of limitations. The court granted the motion after an evidentiary hearing, citing *Hodgdon v. Weeks Memorial Hospital*, 122 N.H. 424, 445 A.2d 1116 (1982).

The court found:

> It is undisputed that at the time the plaintiff's counsel prepared the writ in this case, she did so with the intention of having it served on the defendant. However, upon preparing and serving the writ against the City, her intention in regard to the first writ changed. The plaintiff's counsel was unsure of the identity of the appropriate defendant. While she believed the City of Manchester was the correct defendant, she was not prepared to abandon her prior writ completely. However, her intent to serve the School District became conditional. Plaintiff's counsel intended to serve the School District only if she were proven wrong in her choice of the City as the defendant. In other words, the termination of the suit against the City was a precondition to her service of the writ against the School District.

Desaulnier appealed. The school district did not appeal the court's extension of the return date for the March 8 writ.

The question presented is whether Desaulnier brought her action against the school district within the time allowed by the statute of limitations, RSA 508:8. Desaulnier did not provide this court with a transcript of the evidentiary hearing on the school district's motion to dismiss, although it was her burden to do so. SUP. CT. R. 13(3), 15. We therefore assume that the superior court's findings of fact were supported by the evidence and review only for errors of law. *Rix v. Kinderworks Corp.*, 136 N.H. 548, 553, 618 A.2d 833, 836 (1992).

"Since 1820 it has been clear that an action begins when a plaintiff or his counsel completes a writ *with the intention* to cause it to be served on the defendant." *Maguire v. Merrimack Mut. Fire Ins. Co.*, 125 N.H. 269, 272, 480 A.2d 112, 113 (1984) (emphasis added); *see Arsenault v. Scanlon*, 139 N.H. 592, 594, 660 A.2d 1110, 1112 (1995). "It is the intention and act combined, which, in fact, constitute the institution of the suit." *Society for Propagating the Gospel v. Whitcomb*, 2 N.H. 227, 230 (1820).

> Because suing out the writ with a view to service is an act of legal diligence within the time of limitation; it shows, that the party has not slumbered the period prescribed to bar his rights; and, therefore, rebuts the inference of payment, release, or other species of discharge, on which the [limitations] statute is principally bottomed.

*Id.* at 232. There is a rebuttable presumption "that the date of the writ is the true time when the action was brought." *Id.* at 230.

This court has recognized three exceptions to the general rule fixing a suit's commencement time at the date specified on the writ. First, if a plaintiff alters a writ prior to serving it, the suit's commencement date becomes the date of alteration. *Id.* Second, if a plaintiff completes a writ, but intends to serve it only upon the happening of some event, the action cannot be considered commenced on the date of the writ. *Hodgdon*, 122 N.H. at 426, 445 A.2d at 1118; *Mason v. Cheney*, 47 N.H. 24, 25 (1866). Third, if the writ "*cannot* be served until some further act is done," *Clark v. Slayton*, 63 N.H. 402, 402, 1 A. 113, 113 (1885) (emphasis added), the suit commences when that act is done.

The school district is unable to rebut the presumption that Desaulnier's action against it began on March 8, 1993, the date of the writ. The superior court specifically found that "at the time [Desaulnier's] counsel prepared the writ in this case, she did so with

the intention of having it served on the defendant. ' The school district does not contest this finding. Moreover, none of the exceptions to the general rule apply. Desaulnier's attorney never altered the March 8 writ. In addition, at the time she completed it, her intention to serve it was unconditional and nothing prevented her from doing so.

The school district relies on the superior court's finding that Desaulnier's attorney's intent to serve the March 8 writ became conditional on March 26 and remained so through the expiration of the limitations period. This court, however, has never recognized an exception based on a changed intention. Since 1820, a plaintiff's intention has been scrutinized only at the moment the writ is completed. "It is the intention and act combined, which, in fact, constitute the institution of the suit." *Society for Propagating the Gospel*, 2 N.H. at 230.

Moreover, the school district advances no pressing reasons for creating such an exception. Desaulnier's attorney notified the city of the claim more than one year before the limitations period expired and sent copies of the writ to school district officials on March 18, 1993. "The rationale for the statute of limitations, which is to insure that defendants receive timely notice of actions against them, is not applicable in a case such as this one where the defendant actually received notice within the limitation period." *Dupuis v. Smith Properties, Inc.*, 114 N.H. 625, 629, 325 A.2d 781, 783 (1974) (wrong defendant served); *see Brady v. Duran*, 119 N.H. 467, 469, 403 A.2d 416, 418 (1979). "Informality will not nullify the notice so long as defendant receives actual knowledge." *Dupuis*, 114 N.H. at 630, 325 A.2d at 783.

The school district contends that a holding in Desaulnier's favor "would essentially eliminate any statute of limitations. It would permit a party to prepare a number of writs against different defendants and 'hold them in reserve' until some indefinite future date." We disagree. A plaintiff who prepares a number of writs and holds them in reserve does not have the requisite intention, at the time they are completed, to serve them. *See Society for Propagating the Gospel*, 2 N.H. at 230.

The school district's argument also does not account for a plaintiff's obligation to serve a writ by its return date. The return date serves as a safety valve to prevent unfairness that might arise because of a plaintiff's changed intentions. If a plaintiff moves to extend the return date of a writ, as Desaulnier did, the superior court may grant or deny the motion according to the equities of the case. SUPER. CT. R. 3; *cf.* Preface, SUPER. CT. R. (rules may be

waived because of accident, mistake, or misfortune); *Dupuis*, 114 N.H. at 629, 325 A.2d at 783.

The school district did not appeal the court's extension of the return date, and such an appeal would not have been successful. The record indicates that the delay in service stemmed from Desaulnier's attorney's attempt to spare school district officials the embarrassment of formal service, as well as her reliance on the suggestion of the city solicitor's office to name the city as the defendant. Although these acts of courtesy and cooperation were not required, they caused the school district no prejudice. Such acts should therefore be encouraged, not punished. *Cf. In re Proposed New Hampshire Rules of Civil Procedure*, 139 N.H. 512, 516–17, 520, 659 A.2d 420, 422–23, 425 (1995) (emphasizing justice over procedural technicalities and noting the collegiality of our bar).

We conclude that Desaulnier's action against the school district should not have been dismissed and therefore reverse and remand for further proceedings.

*Reversed and remanded.*

THAYER, J., and HORTON, J., dissented; the others concurred.

THAYER, J., dissenting: I respectfully dissent from the majority's holding that a suit is commenced when a writ is prepared with the intention of serving it on the defendant, even though service of the writ later becomes conditioned on the happening of a future event.

Jurisdictions vary as to when a suit is commenced for purposes of determining whether the statute of limitations has run. One common rule is that a suit is commenced by filing a complaint with the court. *See, e.g.,* FED. R. CIV. P. 3. The theory behind this rule is that a lawsuit is a matter of public record and that certainty as to when the suit is initiated can be valuable in determining, *e.g.,* whether an action is premature or barred by the statute of limitations or laches, which court should retain the case when there are multiple suits involving the same parties and issues, whether after-accruing claims or defenses may be litigated, whether jurisdiction and venue are proper, whether a statute affects an action commenced after its effective date, whether a counterclaim was already the subject of another pending action, whether a motion for summary judgment is timely, and whether service of process is timely. 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1051, at 160–62 (2d ed. 1987).

Another common view is that the suit is commenced when the defendant is actually served. *See, e.g., Walker v. Armco Steel Corp.,* 446 U.S. 740, 751–52 (1980) (interpreting Oklahoma statute). The

theory behind this rule is that a lawsuit cannot begin until the defendant has notice that the plaintiff intends to invoke the judicial process. *Consolidated Motor Lines v. M. & M. Transp. Co.*, 20 A.2d 621, 622 (Conn. 1941); *cf. Brady v. Duran*, 119 N.H. 467, 469, 403 A.2d 416, 418 (1979) (writ permitted under saving statute because defendant was served and had actual notice within limitations period).

Both rules are consistent with the purpose of a limitations period:

> The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim.

*Walker v. Armco Steel Corp.*, 446 U.S. at 751. "Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights." *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428 (1965).

In New Hampshire, our cases have created the rule that "a suit is commenced when the writ is filled out with the intention of having it served on the defendant." *Hodgdon v. Weeks Mem. Hosp.*, 122 N.H. 424, 426, 445 A.2d 1116, 1117–18 (1982). We do, however, strictly adhere to deadlines and other procedural requirements, and will not "allow the use of the commencement-on-completion rule to extend the statute of limitations indefinitely." *Id.* at 427, 445 A.2d at 1118. Furthermore, where the intent to serve is conditioned on the happening of some event, the suit is not considered commenced until the happening of that event. *Id.* at 426, 445 A.2d at 1118.

In *Hodgdon*, the plaintiff's counsel prepared writs before the expiration of the limitations period. He did not serve the writs until two months after the limitations period had expired, however, because he had been negotiating a settlement with a separate defendant involved in the same accident. This court held that late entry of the writs was improper because "[t]his settlement was a precondition of service; the suits were thus not commenced until its occurrence." *Id.* at 426, 445 A.2d at 1118.

The case before us likewise involves separate writs against separate defendants. The service of one was conditioned on the success or failure of the other. In neither case did the plaintiff argue a lack of opportunity to serve the defendant, and in both cases the plaintiff failed to serve the defendant within the period defined by the statute of limitations. The only difference is that service in this case became conditional after the writ was filled out and signed,

whereas service in *Hodgdon* was conditional at the time the writ was completed.

The concern expressed in *Hodgdon* is the same whether the precondition exists at the time the writ is completed or arises thereafter. In either case, a rule that stops the running of the statute of limitations at completion of the writ in effect extends the limitations period until the condition is met. It is precisely this indefinite extension of the statute of limitations that we sought to avoid in *Hodgdon. Id.* The reading of *Hodgdon* most consistent with its reasoning, therefore, is that when a precondition arises prior to service, the statute of limitations does not stop running until the precondition is met. Accordingly, this suit should not be deemed to have commenced on the date of the writ, but rather on the date the precondition was met.

Although we are not asked to revisit the holding of *Hodgdon*, the better rule is to require some overt act by the plaintiff to qualify as commencement of a lawsuit. Requiring the plaintiff to either serve the defendant or file the writ in court would create a date certain that the commencement-on-completion rule lacks. It would create a bright-line test allowing courts to monitor litigation and accurately determine which claims are untimely. It would also undermine those skeptics who believe that, under factual circumstances in which the majority rule would apply, although not a factor in this case, a party or an attorney would predate a writ in an effort to save a claim or prevent a malpractice action. Finally, it would protect defendants by providing certainty as to whether suit has been commenced at the end of the limitations period, and would shield plaintiffs from litigation such as this regarding whether a suit was timely commenced.

HORTON, J., dissenting: I would affirm the trial court's dismissal of the plaintiff's suit on statute of limitations grounds.

Although I would not use case law to change the standard for commencement of an action at law, the proper application of that standard, as set forth in a line of cases beginning in 1820, requires that this writ be dismissed. The action is commenced when there exists both the action and the intention—the action of completing the writ and the intention of service. *Society for Propagating the Gospel v. Whitcomb*, 2 N.H. 227, 230 (1820). The intention must be a present one, not contingent, and the intention must be for seasonable service. *Mason v. Cheney*, 47 N.H. 24, 25 (1866). The intention must be absolute and unequivocal. *See Bennett v. Chase*, 21 N.H. 570, 583 (1850).

The question in this case is—assuming that the writ is completed before the statute of limitations has run, and assuming that a

present, absolute, and unequivocal intention to serve exists at the moment of completion — what is the result of abandonment of that intention, or at least the absolute and unequivocal portion thereof, and the reinstitution of such intent after the statute of limitations has run? The answer is found in the alteration cases. Where a writ has been fully completed with a present, absolute, and unequivocal intent to effect service, and the writ is subsequently altered, the action at law is commenced at the time of the alteration. *Mason*, 47 N.H. at 26; *Society for Propagating the Gospel*, 2 N.H. at 230. A present intention, abandoned or made conditional, does not qualify as a time trigger for the commencement of the action, any more than does a completion of a writ that subsequently sees alteration.

Accordingly, I respectfully dissent.