Snow Making v. Niedner                    CV-97-079-M    04/18/97

UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


Snow Making Services, Inc.
      Plaintiff

      v.                                    Civil No. 97-79-M

Niedner Limited,
      Defendant


                        **O R D E R**


      Defendant and counterclaim-plaintiff, Niedner Limited, moves
for summary judgment with regard to counts I and II of the
complaint filed by Snow Making Services, Inc. ("SMS").  Niedner
claims that those counts raise the same issues which SMS
previously raised in state court litigation and are, therefore,
barred by the doctrine of res judicata.  SMS objects, claiming
that there are genuine issues of material fact which preclude the
entry of summary judgment.  The motion is denied.


                        **Background**

      By Writ of Summons dated June 18, 1996, SMS commenced a
civil action against Niedner in the New Hampshire Superior Court.
After the writ was served upon Niedner (but apparently before it
was entered upon the Superior Court's docket), the parties
reached a settlement agreement and executed docket markings which

provided: "Judgment for neither party.  No interest.  No costs. No further action for the same cause."  However, nothing in this court's record suggests that the writ was ever entered, or that the parties actually filed the docket markings with the Superior Court, or that the Superior Court ever entered judgment. Nevertheless, Niedner claims that the docket markings operate as a final judgment on the merits by a court of competent jurisdiction and, therefore, preclude SMS from bringing the same claims (which are set forth in counts I and II of the complaint) in this forum.

In New Hampshire's courts, a civil action commences when plaintiff's counsel executes a writ of summons with the intention to serve it upon the defendants.

> Since 1820 it has been clear that an action begins when a plaintiff or his counsel completes a writ with the intention to cause it to be served on the defendant. It is the intention and act combined, which, in fact, constitute the institution of the suit.

DeSaulnier v. Manchester School District, 140 N.H. 336, 338 (1995) (citations and quotation marks omitted).  Plainly, therefore, SMS commenced an action in the New Hampshire Superior Court against Niedner when its counsel executed the writ of summons with the intention to serve it upon Niedner.  Moreover,

2

the parties agree that they reached a settlement agreement and signed "neither party" docket markings.  That fact does not, however, resolve the pending dispute.

While the docket markings are evidence of the parties' settlement agreement, it is unclear whether they represent a final judgment on the merits by a court of competent jurisdiction (thereby entitling them to the preclusive effect of res judicata).  Niedner has failed to provide the court with a certified copy of the docket markings, showing that they were actually filed with the Superior Court and entered upon its docket.  In fact, based upon the somewhat vague factual allegations and ambiguous legal arguments made by Niedner, it is entirely possible that the writ was never entered in the Superior Court, the parties never filed the docket markings with the court, and judgment was never entered by the court.

As the party moving for summary judgment, Niedner bears the burden of demonstrating that it is entitled to judgment as a matter of law.  It has failed to do so.  At a minimum, it must show that:

1.   Under New Hampshire law, "neither party" docket markings are entitled to the preclusive effect of res judicata even if they were not filed with the court and

3

> no final order was entered by the court upon those docket markings; or
>
> 2.   In this case, the parties actually filed the docket markings with the court, which then entered an appropriate <u>final judgment</u> closing the case. <u>See, e.g.</u>, <u>Moore v. Town of Lebanon</u>, 96 N.H. 20, 22 (1949) ("The court <u>order</u> of 'neither party, no further action for the same cause' was in effect a judgment and bar to any further action for the same cause. . . The courts are unanimous in holding that the general rule [of res judicata] applies equally to <u>judgments</u> <u>entered</u> by agreement or consent, operating as a bar to another suit upon the same cause of action, where such judgment is on the merits.") (emphasis added)(citations and internal quotation marks omitted).

Niedner has shown neither. It cites no New Hampshire case that stands for the proposition which it seems to be advancing -- that "neither party" docket markings which are <u>not</u> filed with the court are treated as a final judgment on the merits and, therefore, entitled to preclusive effect in subsequent litigation involving the same issues. Alternatively, if the docket markings were actually filed with the Superior Court (a point which Niedner does not seem to claim), Niedner has not provided this court with a certified copy of that document or evidence of the entry of judgment.

In the end, Niedner has failed to carry its burden of proving that the "docket markings" executed by the parties relative to the earlier state court writ preclude further

4

litigation of the claims raised in counts I and II of the complaint.  Accordingly, summary judgment is not appropriate at this juncture.

## Conclusion

For the foregoing reasons, the court holds that Niedner has failed to demonstrate that it is entitled to judgment as a matter of law with regard to counts I and II of SMS's complaint.  Accordingly, its motion for summary judgment (document no. 8) is denied.  For the same reasons, Niedner has failed to demonstrate that SMS lacked a good faith basis upon which to make the claims contained in counts I and II of its complaint.  So, its motion for Rule 11 sanctions against SMS and/or its counsel (document no. 16) is likewise denied.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

April 18, 1997

cc:  C. Nicholas Burke, Esq.
     Warren C. Nighswander, Esq.

5