Rockingham
No. 2002-778

MARIA DONNELLY & a.

v.

DONNA EASTMAN

Argued: May 14, 2003
Opinion Issued: June 30, 2003

*Bratton & Springer, LLP,* of Lowell, Massachusetts (*P. Scott Bratton* on the brief and orally), for the plaintiffs.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.,* of Bedford (*Edwinna C. Vanderzanden* and *Jill A. DeMello* on the brief, and *Ms. Vanderzanden* orally), for the defendant.

BROCK, C. J. This is an interlocutory appeal from an order of the Superior Court (*Lewis,* J.) denying the defendant's motion to dismiss the plaintiffs' claims for personal injury. *See* SUP. CT. R. 8. The defendant, Donna Eastman, argues that the court should have granted her motion because the plaintiffs, Maria and Terry Donnelly, failed to file suit within the time allowed under the statute of limitations. *See* RSA 508:4 (1997); SUPER. CT. R. 2. We reverse and remand.

Upon review of the ruling on this motion to dismiss, we assume the following facts to be true for purposes of this appeal. *Guglielmo v. WorldCom,* 148 N.H. 309, 311 (2002). We accept the statement of the case presented in the interlocutory appeal statement. *Id.* On June 2, 1999, the defendant and one of the plaintiffs were involved in a car accident. The plaintiffs' attorney completed and executed a writ of summons on May 31, 2002, and sent it for service to the Rockingham County Sheriff's Office. The writ was not served upon the defendant, nor filed with the court, prior to the expiration of the statute of limitations on June 2, 2002. The defendant was served on June 15, 2002, and the writ was filed in court on June 17, 2002.

The defendant filed a motion to dismiss alleging that the plaintiffs had not complied with the statute of limitations. In its order, the trial court noted that neither the service of the writ nor the date of entry of the writ occurred before the statute of limitations ran; hence the plaintiff had not complied with RSA 508:4 and Superior Court Rule 2 (Rule 2). The court denied the motion to dismiss, however, after it applied the Preface to the Superior Court Rules, which allows the court to waive the application of any rule as good cause and justice require. SUPER. CT. R. Preface. The court found that because the attorney had completed the writ and sent it to the sheriff for service before June 2, 2002, the action was initiated within the three-year statute of limitations consistent with *Desaulnier v. Manchester School District,* 140 N.H. 336, 338 (1995). Furthermore, it noted that the defendant was aware of the plaintiffs' claims and that the plaintiffs' failure to comply with Rule 2 was attributable to the attorney's inexperience and mistake. It concluded that justice required waiver of the application of Rule 2.

"In reviewing the trial court's ruling on a motion to dismiss, we determine whether the facts as alleged establish a basis for legal relief."

*Scheffel v. Krueger*, 146 N.H. 669, 671 (2001). "We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law." *Id.* "The trial court has broad discretion in determining whether to waive its rules." *R.J. Berke & Co. v. J.P. Griffin, Inc.*, 118 N.H. 449, 452 (1978). We will not reverse the trial court's decision absent an unsustainable exercise of discretion. *See id.; cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

RSA 508:4 provides, in pertinent part, that personal actions "may be brought only within 3 years of the act or omission complained of." The statute of limitations is an affirmative defense, and the defendant bears the burden of proving that it applies. *Glines v. Bruk*, 140 N.H. 180, 181 (1995). The statute does not define when an action has been "brought." Rule 2, however, states: "For purposes of complying with the statute of limitations, an action shall be deemed commenced on the date of service of the writ, or the date of entry of the writ, whichever event occurs first." Under this approach, writs may be entered with the court either prior to service of process or after service of process. Rule 2, which became effective September 1, 2001, establishes a bright-line test in contrast to the former common law rule that an "action begins when a plaintiff or his counsel completes a writ with the intention to cause it to be served on the defendant." *Desaulnier*, 140 N.H. at 338 (quotation and emphasis omitted).

The Preface to the Superior Court Rules allows the court to waive the application of any of the court rules. SUPER. CT. R. Preface. The Preface was broadened, effective January 1, 2000. Formerly, it allowed the court to grant relief from failure to comply with any rule where, "due to accident, mistake or misfortune and not through neglect, justice so requires." SUPER. CT. R. Preface (amended 1999). The current, broader Preface states: "As good cause appears and as justice may require, the court may waive the application of any rule." SUPER. CT. R. Preface; *see also Perron v. Aranosian*, 128 N.H. 92, 94-95 (1986) (noting different analysis of clerical error under former Preface to Superior Court Rules and District and Municipal Court Rule 1.1, which allows waiver of rules for "good cause and as justice may require" (quotation omitted)).

In other contexts, we have emphasized justice over procedural technicalities. *See Whitaker v. L.A. Drew*, 149 N.H. 55, 59 (2003). Compliance with statutes of limitations, however, is not a mere procedural technicality. Given the purposes of statutes of limitations, they differ from other procedural rules. *Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 14 (1988). Non-compliance with statutes of limitations is an affirmative defense to an action. *Glines*, 140 N.H. at 181. Statutes of limitations "represent the legislature's attempt to achieve a balance among State

interests in protecting both forum courts and defendants generally against stale claims and in insuring a reasonable period during which plaintiffs may seek recovery on otherwise sound causes of action." *Keeton,* 131 N.H. at 14. Furthermore, "[s]tatutes of limitation are designed to expedite the orderly administration of justice." *Wolf Investments, Inc. v. Town of Brookfield,* 129 N.H. 303, 305 (1987) (quotation omitted). The main purposes of statutes of limitations are to ensure timely notice to an adverse party, *N.H. Div. of Human Services v. Allard,* 138 N.H. 604, 607 (1994), and to eliminate stale or fraudulent claims, *West Gate Village Assoc. v. Dubois,* 145 N.H. 293, 298 (2000). "The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Desaulnier,* 140 N.H. at 341 (Thayer, J., dissenting) (quotation omitted).

Even under the previous common law rule, we strictly adhered to deadlines when assessing compliance with the statute of limitations. *Hodgdon v. Weeks Mem. Hosp.,* 122 N.H. 424, 426 (1982). We have also cautioned against "judicial repeal of the statute of limitations and the substitution of ad hoc, judge-made rules that would vary from case to case." *Id.* at 427.

▮ In this case, the trial court found that the failure to properly bring the claim was attributable to inexperience and mistake of counsel. Attorneys are responsible for knowing the content of the court rules applicable to their actions. *DeButts v. LaRoche,* 142 N.H. 845, 847 (1998). Rule 2 was adopted in order to establish a bright-line rule for determining when an action is commenced for purposes of the statute of limitations. We conclude that under the circumstances of this case, neither good cause nor justice supports waiver of Rule 2. Therefore, it was error for the trial court to deny the defendant's motion to dismiss.

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.