Campbell v. Miller                    CV-03-208-JD  09/11/03

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Mark A. Campbell and
Carolyn M. Campbell

      v.                               Civil No. 03-208-JD
                                       Opinion No. 2003 DNH 155
Thomas R. Miller, et al.


                         O R D E R


     The plaintiffs, Mark A. and Carolyn M. Campbell, brought

suit in state court against Thomas Miller, Nantucket Beadboard

Company, Inc., and Doe defendants, alleging that Mark was injured

in a workplace accident due to the defendants' negligence.

Carolyn Campbell brought a claim for loss of consortium.  The

Campbells filed a motion to amend the writ of summons to add new

defendants, Brock Manufacturing and National Bulk Equipment,

which was granted by the state court.  The defendants then

removed the action to this court.  Defendant Brock Manufacturing

moves to dismiss on the ground that the claims against it are

barred by the statute of limitations.

     The parties agree that the plaintiffs' cause of action

against Brock Manufacturing accrued on March 10, 2000.  The

applicable limitations period is three years.  N.H. Rev. Stat.

Ann. ("RSA") § 508:4.  In New Hampshire courts, "[f]or purposes

of complying with the statute of limitations, an action shall be

deemed commenced on the date of service of the writ, or the date of entry of the writ, whichever event occurs first." N.H. Super. Ct. R. 2. The original writ is dated June 5, 2002, and the returns of service indicate that the named defendants were served on June 12, 2002. The Campbells' motion for late entry of the original writ was granted on February 6, 2003.

On February 24, 2003, the Campbells filed a motion to amend their writ to add Brock Manufacturing and National Bulk Equipment. The amended writ was appended to the motion and was filed with the motion. The state court granted the motion to amend on February 27, 2003.[1] On April 1, 2003, the Campbells moved to extend the return date on the amended writ because the Merrimack County Sheriff's Department advised them that the amended writ could not be served on the New Hampshire Secretary of State, for purposes of the two new defendants, until a new return date was set. The Campbells requested a return date of the first Tuesday in May, 2003.

In response to the Campbells' motion, Strafford County Superior Court issued an "Order of Notice - Civil Action" on

---

[1]The Campbells state in their objection to Brock Manufacturing's motion to dismiss that the state court granted their motion to amend on March 19, 2003. The court does not find any document in the state court record that indicates state court action on March 19, 2003. Cf. "Plaintiff's Motion to Extend Return Date," ¶ 3.

2

April 9, 2003, in which it set May 6, 2003, as the return date for the amended writ. According to the returns of service, the New Hampshire Secretary of State, Brock Manufacturing, and National Bulk Equipment were served on April 15, 2003. The defendants removed the case to this court on May 14, 2003.

"The statute of limitations is an affirmative defense, and the defendant bears the burden of proving that it applies." Donnelly v. Eastman, 826 A.2d 586, 588 (N.H. 2003). Once it appears that the statute of limitations would bar the plaintiff's claim, the plaintiff bears the burden of proving that an exception applies. Furbush v. McKittrick, 821 A.2d 1126, 1129 (N.H. 2003).

The parties agree that the three-year period allowed by RSA 508:4 expired on March 11, 2003.[2] Brock Manufacturing contends that the amended writ was filed with the Strafford County Superior Court on April 1, 2003, and that it was served on April 15, 2003.[3] As both events occurred after March 11, Brock Manufacturing contends that the claims against it are barred by the statute of limitations.

_____

[2]Brock Manufacturing asserts that date as the end of the limitations period, and the Campbells do not dispute the date.

[3]The record does not show that the amended writ was entered on April 1, 2003. The Campbells filed a motion to extend the return date on that date.

In response, the Campbells do not dispute Brock Manufacturing's assertion of the operation of the limitations period. Instead, the Campbells argue that the court's delay in acting on their motion to amend caused the delay in entry of the amended writ and service of the writ on Brock Manufacturing. The Campbells assert, without citation to the record, that the state court did not grant their motion to amend until March 19, 2003. They state: "It is clear that the plaintiffs preserved all their rights by filing the motion to add parties well within the statute of limitations and took all appropriate action thereafter to notify the defendants of the Court's ruling thereon." Obj. ¶ 4.

The record demonstrates that the state court granted the Campbells' motion to amend on February 27, 2003, just three days after it was filed and within the limitations period. The Campbells cite no authority to support their theory that a motion to amend with the amended writ appended, or even a granted motion to amend, tolls the limitations period as to newly added parties. Therefore, the Campbells have not carried their burden to show that an exception to the statute of limitations would apply in these circumstances. The claims brought against Brock Manufacturing are dismissed as barred by the statute of limitations.

4

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 13) is granted. The plaintiffs' motion for leave to file a surreply (document no. 18) is granted and the surreply was considered. All claims against the defendant, Brock Manufacturing, are dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 11, 2003

cc: John E. Durkin, Esquire
    John A. Curran, Esquire
    Charles P. Bauer, Esquire
    Lawrence B. Gormley, Esquire