**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0012, <u>McDonald's Corporation v. Town of Newport</u>, the court on July 20, 2015, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, McDonald's Corporation, appeals an order of the Superior Court (<u>Tucker</u>, J.) dismissing its petition for tax abatement against the defendant, the Town of Newport, for defective service of process. The plaintiff argues that the trial court erred by denying its request to extend the return date on its summons to the defendant.

The plaintiff concedes that "there is no dispute that [it] failed to serve the defendant in accordance with RSA 510:10 by the . . . deadline." Strict compliance with the statutory requirements for service of process is required to provide the defendant with constitutionally sufficient notice of the action and to vest the trial court with jurisdiction over the defendant. <u>Impact Food Sales v. Evans</u>, 160 N.H. 386, 396 (2010) (reversing trial court's denial of defendant's motion to vacate default judgment and to dismiss action due to improper service); <u>Nault v. Tirado</u>, 155 N.H. 449, 451 (2007) (affirming dismissal of writ of summons for improper service). RSA 510:10 (Supp. 2014) provides that service against a town must be made upon the town clerk and one of the selectmen.

Superior Court Rule 4(c) requires that service be completed by the date named in the summons and provides that "[i]f a defendant is not served within the court-ordered deadline for service, the court shall dismiss the action with or without prejudice, as justice may require." Superior Court Rule 1(d) authorizes the court to waive any rule "[a]s good cause appears and as justice may require." The trial court has broad discretion in determining whether to waive its rules, and we will not reverse its decision absent an unsustainable exercise of discretion. <u>Anna H. Cardone Revocable Trust v. Cardone</u>, 160 N.H. 521, 525 (2010).

In this case, the trial court found that the plaintiff "did not offer a reason for omitting to serve a selectman, so to the extent such an extension is permitted for good cause, none has been offered." The plaintiff argues that "[a] clerical error that does not result in prejudice or delay constitutes good cause." However, it does not cite, nor are we aware of, any authority that a "clerical error" is good cause for failing to serve a party correctly. Furthermore, it does not explain how

its failure to serve a selectman was caused by "a simple clerical error." Rather, it states that "[t]he reason for the error in service was, quite simply, the plaintiff inadvertently served the defendant as if it was a city and not a town." We note that the defendant was identified as a town on the summons.

The plaintiff argues that the defendant had notice of the action because it timely served the town clerk. However, RSA 510:10 defines what is required to provide constitutionally sufficient notice and to establish personal jurisdiction, see Nault, 155 N.H. at 451, and it requires more than service upon the town clerk.

The plaintiff argues that an extension would not have prejudiced the defendant because "no discovery had been commenced, no court orders entered and no trial or final hearing scheduled" and "would not have delayed the outcome of the case at all." It cites DeSaulnier v. Manchester School District, 140 N.H. 336 (1995), as authority that lack of prejudice and delay are sufficient to justify an extension. In that case, although the defendant did not appeal the extension of the return date, we stated that such an appeal would not have been successful. Id. at 340. Although the statute of limitations had run, the delay in service stemmed from the plaintiff's attorney's attempt to spare school district officials the embarrassment of formal service, as well as her reliance on the suggestion of the city solicitor's office to name the city as the defendant. Id. We stated that such acts of courtesy and cooperation should be encouraged, not punished. Id. The plaintiff here points to no such acts on its part.

The plaintiff argues that "a number of other courts freely allow requests to enlarge service deadlines." We conclude that, in each of the cases the plaintiff cites, specific facts, not present in this case, supported the decision to extend the service deadline. See Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993) (finding good cause when plaintiffs "did not purposely delay personal service[,] . . . completed all of the steps within their power necessary to effectuate such service[, t]he blame for the error rested with the deputy sheriff . . . [and] because of the deputy sheriff's sworn representations in the return of service, [plaintiffs] reasonably believed that they had personally served appellees"); United States v. Ayer, 857 F.2d 881, 886 (1st Cir. 1988) (upholding trial court's good cause finding when one defendant "displayed a peregrinatory penchant[,] . . . plaintiff endeavored unsuccessfully . . . to obtain service, and . . . appear[ed] to have attempted in good faith to respond to the spirit of the rule and to the concerns of the court below[,] and . . . no harm befell defendants as a result of the delay"); Payne v. Massachusetts, No. CIV.A. 09-10355-PBS, 2010 WL 5583117, at *4 (D. Mass. Nov. 18, 2010) (recommending case not be dismissed for failure to serve defendant properly within deadline when plaintiff was self-represented and incarcerated), report and recommendation adopted, No. 1:09-CV-10355, 2010 WL 5583111 (D. Mass. Dec. 10, 2010).

2

The plaintiff argues that the trial court's failure to find good cause contradicts "New Hampshire's long standing practice . . . of avoiding dismissals based upon procedural technicalities" (citation omitted), that "[t]here is no allegation that [it] was playing 'games' with the court or the defendant," and that the trial court "gave no consideration regarding any prejudice that would flow to the defendant if the return date was enlarged, or how its non-merit dismissal would ultimately delay the resolution of this case." However, in balancing the violation of the superior court rule with the factual circumstances presented, we cannot say that the trial court erred as a matter of law or engaged in an unsustainable exercise of discretion in denying the plaintiff's request to extend the return date.

We note that in its objection to the defendant's motion to dismiss the plaintiff argued that "a dismissal would not be fatal to the abatement request. Pursuant to RSA 508:10, when an otherwise timely filed action is dismissed for a non-merit based reason, the plaintiff has one (1) year to refile the claim." We express no opinion regarding the plaintiff's right to re-file its action pursuant to RSA 508:10 (2010).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3